## FORRESTER *vs.* FORRESTER'S ADM'RS.

[FINAL SETTLEMENT OF ADMINISTRATOR'S ACCOUNTS.]

1. *What may be assigned as error.*—On appeal from a decree rendered on the final settlement of an administrator's accounts and vouchers, errors cannot be assigned on an order, made at a previous term, confirming his report of a sale of the land.
2. *Presumption in favor of judgment.*—In a probate case, where there is no bill of exceptions, and the evidence which was before the court is not set out in the decree, if the record shows that the court had jurisdiction of the subject-matter and the parties, the appellate court will presume that its decision on a question of fact was justified by the evidence.

IN the matter of the estate of William Forrester, senior, deceased, on final settlement of the accounts and vouchers of William Forrester, junior, and David Spradling, as administrators. The record shows that special letters of administration were first granted to said administrators, and afterwards general letters of administration; but it does not show the date of either of said appointments. It further shows that, on the 20th June, 1859, the court granted an order, on the application of said administrators, authorizing them to sell the decedent's real estate for the purpose of making an equitable division among the heirs-at-law; that the administrators made their report of the sale, on the 30th August, 1859, stating that said William Forrester, jr., had become the purchaser; and that said sale was confirmed on the 12th September, 1859. On the 17th February, 1864, the administrators filed their accounts and vouchers for a final settlement; and the settlement was

made on the 28th December, 1864, when the following decree was rendered:

"This day, to which time this cause has been continued, came William Forrester, jr., and David Spradling, administrators of the estate of William Forrester, sr., deceased, in their own proper persons, and by their attorneys, and also E. A. Powell, guardian *ad litem* for Martha Gaston, a minor; and the account and vouchers heretofore filed in this court for a final settlement of said estate being examined, and the court being satisfied that the notice required by law and the former order of this court had been given for three successive weeks notice in the *Tuskaloosa Observer*, a newspaper published in said county; and no objection having this day been made against said account and vouchers, and they appearing to the court to be equitable and just: It is ordered and decreed by the court, that said account and vouchers be allowed, and recorded, and filed in this court. By said account and vouchers it appears, that said administrators had received, and are chargeable with, the sum of six thousand one hundred and eighty-two dollars and forty-four cents; and that they are entitled to credits to the sum of twelve hundred and ninety-six 86-100 dollars; which leaves in the hands of said administrators the sum of four thousand eight hundred and eighty-five 58-100 dollars. From the statement made upon oath by the administrators, as to who are the heirs and distributees of said estate, the evidence on file, and the proceedings heretofore had in this court, the court is of the opinion, and so decides, that the persons named in the petition of Sarah Forrester for dower are the heirs and distributees of said estate of William Forrester, sr., deceased. It further appearing that, including the widow, said Sarah Forrester, there are four original distributees, the share of each will be the sum of one thousand two hundred and twenty-one 39-100 dollars. It is therefore ordered and decreed by the court, that said William Forrester and David Spradling, administrators of the estate of William Forrester, sr., deceased, pay to Sarah Forrester, widow of said decedent, the sum of one thousand two hundred and twenty-one 39½-100 dollars, her distributive share of said estate. It is

further ordered, that said administrators pay to George Forrester the sum of one thousand two hundred and twenty-one 39½-100 dollars, his distributive share of said estate. It is further ordered, that said administrators pay to John M. Curry, William D. Curry, and Mary Welsh, wife of Franklin Welsh, children of Mary Curry, deceased, who was a daughter of said William Forrester, deceased, the sum of one thousand two hundred and twenty-one 39½-100 dollars, the same being four hundred and seven dollars and thirteen cents each. It is further ordered, that said administrators pay to Harriet A. Bond, wife of W. D. Bond, Amanda McMichael, wife of James M. McMichael, and Matthew Gaston, children of Agnes Gaston, deceased, also a daughter of William Forrester, sr., deceased, the sum of one thousand two hundred and twenty-one 39½-100 dollars, their distributive share of said estate, the same being four hundred and seven dollars and thirteen cents for each share. And it appearing to the court that said administrators had not used the funds of said estate for their own use, or the benefit of either of them, from the affidavit filed in court, said administrators proposed to settle the several decrees by depositing Confederate treasury-notes with the judge of this court, the same description of money received by them, as they asserted. Whereupon it is ordered by the court, that said administrators pay the several decrees, in the same description of money received by them for said estate. Whereupon, the said William Forrester, jr., and David Spradling, administrators as aforesaid, deposited with the judge of this court the sum of four thousand eight hundred and eighty-five dollars and fifty-eight cents in Confederate treasury-notes, for which receipts were given as a satisfaction of the foregoing decrees."

The present appeal is sued out by George Forrester, who assigns as error—1st, the order confirming the sale of the lands; 2d, "the final decree, and receiving Confederate treasury-notes in satisfaction"; and, 3d, "entering satisfaction of the decree."

W. R. SMITH, and W. MOODY, for appellant.
C. M. COOK, *contra.*

BYRD, J.—1. There is no bill of exceptions. The appeal was taken from the decree made on the final settlement of the administration of appellees upon the estate of William Forrester, deceased, and not from the confirmation of the report of the sale of the land made in 1859, as is evident from the certificate of the probate judge. The appellants have assigned error upon the order of confirmation; but there being no joinder in error, nor any appeal from such order, this court will not notice that assignment.

2. There being no bill of exceptions taken on the hearing of the final settlement of the administration, and the evidence not being set out upon which the court rendered its decree, we will not reverse, if the court had the authority, under any state of proof that could be presumed, to render the decree it did. We perceive nothing in the decree which the court had not the jurisdiction to determine, and its decree is affirmed upon the authority of the following cases : *Burchfield v. Cook*, and *Watson and Wife v. Stone*, decided at the present term ; *Smith's Distributees v. King*, 22 Ala. 558 ; *Williams and Wife v. Gunter*, 28 Ala. 681 ; *Reese v. Gresham*, 29 Ala. 91. It devolves on the appellant to show error affirmatively ; and this cannot be done on an issue of fact, in the absence of the evidence. On such an issue, every reasonable intendment will be indulged to sustain the decision of the court below; and, therefore, where the evidence is not set out, we must presume that the court had sufficient proof to authorize the decree, where it has the jurisdiction to render the particular decree, or matter thereof, complained of and assigned as error.

Let the decree be affirmed.