## RUSHTON *vs.* MARTIN.

43 555
96 585

[APPLICATION TO JUDGE OF PROBATE TO ERECT A DAM FOR A PUBLIC GRIST
MILL, TO GRIND FOR TOLL.]

1. *Application to probate judge under provisions of chapter III, page* 503 *of
Revised Code ; return of sheriff, when will be sufficient.*—In a proceeding
in the probate court, under chapter III, page 503 of the Revised Code,
to obtain permission to build a dam, for the purpose of erecting a grist
mill, to grind for toll, if the return of the sheriff shows that the jury of
inquest were sworn and charged by him, as required by section 2490 of
Revised Code, that will be sufficient, although the inquest itself merely
states that the jury were duly sworn and charged by the sheriff, without
saying more.
2. *Same, on contest of, judge of probate, duty of ; finding of jury of in-
quest, not conclusive upon.*—When there is a contest in such case, if the
jury of inquest find the health of the neighborhood will probably be
endangered, such finding is not conclusive upon the judge of probate ;
he must hear all that can be said by both parties, and grant, or refuse,
the application, as the right of the case may appear.
3. *Same ; inquest, when it may be presumed that a material word in, was
omitted by mistake, or in some way left out, in making up the transcript.*—If
the inquest, where it speaks of the health of the neighborhood, says :
" The health of the neighborhood will probably be endangered," yet, if
in reading the whole inquest in connection, it seems doubtful whether
the jury intend to find " the health of the neighborhood would *not*
probably be endangered," it may be presumed that the word *not* was
omitted in writing out the inquest, or was in some way left out in mak-
ing up the transcript.
4. *Same ; bill of exceptions, when necessary.*—If the appellant desires to
review the decree, in such a case on the merits, if the evidence is not
set out in the decree, he should except to the decree, and set out the
evidence in a bill of exceptions, otherwise the appellate court will pre-
sume the evidence was sufficient to warrant the decree.

APPEAL from the Probate Court of Crenshaw.
Tried before the Hon. G. W. THAGARD.

THIS was a proceeding under chapter III, title 6, part 1,
503 Revised Code, to obtain permission to erect a dam, for
the purpose of erecting a public grist mill, to grind for toll.
The facts of the case, and the errors assigned, are set out
in the opinion.

JOHN A. MINNIS, for appellant.—Insisted, 1. That it is not sufficient for the inquest to show the jury were duly sworn, but it must affirmatively show what they were sworn and charged to try.—*Owen v. Jordan*, 27 Ala. 608.

2. The jury of inquest finding this mill dam would probably endanger the health of the neighborhood, we insist, under sections 2490 and 2495, the application for the mill dam must be rejected. In section 2490 of the Code, if "it appear to such judge from the inquest, or from other evidence, &c." Now, it does appear from the inquest, that the health of the neighborhood will be probably endangered. But this section further provides, that if it appear "to the judge from other evidence, &c.," the mill dam shall not be established. So that the finding or inquest of the jury is not conclusive in favor of the mill dam, and not being in favor, it is supposed the judge in this case held it was not conclusive against it in this. We insist he most clearly erred ; that the true construction of this section, and the meaning of the legislature is, that in favor of the health of the country, before a mill dam can be established, a jury must find that it will not probably endanger the health of the neighborhood, and the probate judge must concur and agree to the correctness of this finding.

The language of the inquest is somewhat confused, but upon close examination it will be seen it shows what is *certainly the fact*, and not controverted by the order of the court establishing the mill dam, that the jury found it would probably endanger the health of the neighborhood. If there is any uncertainty about the finding, then it should be quashed.

WATTS & TROY, *contra*.—1. The petition filed by Rushton, sets forth with distinctness every fact required by the statute.—See sections 2482, 2484, Code ; Petition on page 3 of the Record.

2. As to the first assignment of error, we say : that the *inquest* of the *jury* need not show the matters alleged as error. The return of the *sheriff* does show that the jury were sworn in the terms of the law.—See sections 2490 and 2492 of the Revised Code ; see the return of the sheriff on

page 4 of the Record. And this return of the sheriff further shows that he charged them as required by section 2490 of the Code. The law does not require the inquest of the jury to show that they were sworn, or that they were charged. But the return of the sheriff on the writ ought to, and it does show fully the oath administered, and the charge he gave to the jury. And both of these acts of the sheriff strictly conform to the requirements of the statute.

3. The second assignment of error is not well taken; the inquest of the jury is not confused, or uncertain. It is a distinct response to every requirement of the law.

4. As to the third assignment of error. We think it is plain, when we look at the inquest of the jury, that they have certified that the health of the neighborhood will (not) probably be endangered. The word " nor" which immediately follows in connection with the contest, shows that the word " not" has been left out by mistake, probably in copying the record. But this makes no material defference, for the action of the judge in establishing, or refusing to establish the mill and dam, does not, under the law, depend exclusively on the *inquest* of the jury. Section 2495 declares that " if it appear to such judge from the inquest, or from any other evidence," &c. If the results from the inquest, or from any other evidence, are not likely to ensue, the application must be granted. Now, what evidence the judge had before him in the contest, appears alone in the judgment entry.—See it on pages 1 and 2 of the Record. It clearly appears from the evidence thus set forth, that the decision of the judge was correct.

5. There was no exception taken to the decision of the judge. This court will not undertake to revise the action of the judge of probate on a mere question of *fact*, unless there is a bill of exceptions setting forth the facts, and unless it *is made clear* that the decision was manifestly wrong.—*Forrester v. Forrester's Adm'r*, 40 Ala. 560, and numerous cases cited in Shep. Dig., on page 567; see, also, 78, and *Phillips v. Phillips*, 39 Ala.

Where there is no bill of exceptions, the decisions of a probate judge on facts will be held correct by the supreme

court.—See *Morgan v. Morgan*, 35 Ala. 303 ; *Taylor v. Mc-Elrath*, 35 Ala. 330.

PECK, C. J.—This case originated in the probate court of Crenshaw county, and was a proceeding in that court, under chapter 3d, page 503 of the Revised Code of Alabama, instituted by the appellee, to obtain permission to erect a dam across " Capp's Mill Creek," a water-course in that county, not navigable, for the purpose of building a water grist mill to grind for toll.

The petition states that the applicant was the owner of the land on both sides of the stream, and, consequently, the proceeding, in the first instance, was *ex parte,* no notice being necessary to be given to anybody.

Upon the filing of the petition a writ of inquiry was issued to the sheriff, by the judge of probate, as required by section 2486 of the Code.

This writ was executed and returned by the sheriff, by which it appeared that a small part of the land of appellant, Martin, would be overflowed by the erection of the dam, and the jury assessed his damages at the sum of fifty dollars. Thereupon, a summons was issued to him to appear before the said judge, on a day named in said summons, to show cause why applicant should not have permission to erect his dam.

Under this summons the appellant appeared, and was made a party to the proceedings, in pursuance of section 2502 of the Code. A final hearing was had, and the probate judge decreed in favor of the appellee, and granted him permission to erect his dam. From this decree the appellant appeals to this court, and assigns the following errors, to-wit : " 1. The inquest of the jury does not affirmatively show what the jury was sworn or charged by the sheriff to try, but simply that they were duly sworn.

" 2. The inquest of the jury, in their finding, is so confused and uncertain, that the court should not have acted on it.

" 3. The inquest of the jury finds, that the mill dam will probably injure the neighborhood, and notwithstanding

this finding of the jury, the probate court established the mill dam."

There is nothing in the first assignment of error. By looking at the inquest of the jury, it will be seen that it states, the jury were duly sworn by the sheriff, and charged by him, as required by law, before they proceeded to act. This, perhaps, would be held to be sufficient, if there was nothing else in the transcript on the subject, but the sheriff's return on the writ of venire, shows that the jury were sworn and charged by him, in strict conformity with the requirements of the law.

As to the second assignment, we think the inquest of the jury sufficiently clear and certain to authorize the court to proceed and act upon it; indeed, the only defect we have been able to discover in the inquest, is the omission of the word *not*, where it speaks of the health of the neighborhood, which, we are satisfied, was occasioned by a mere mistake in writing out the inquest, or in making up the transcript; otherwise, the inquest is full and complete, strictly complying with the law on this subject.

In arguing the third assignment of error, the appellant's counsel treats the inquest of the jury, as showing that the health of the neighborhood would probably be endangered by erecting the dam, and that where that appears from the inquest of the jury, the application should be denied.

We think the counsel is mistaken in supposing the inquest, all taken together, finds that the health of the neighborhood will probably be endangered by the erection of the dam. It seems to us, in reading the whole inquest in connection, that the jury intended to find, and did, in fact, find, that the health of the neighborhood would *not* probably be endangered, and that the word *not* was omitted in the inquest by mistake, or was left out in the same way, in making up the transcript. But whether this be so or not, it will not affect the opinion of the court, in the condition in which we find the transcript in this case.

The appellant's counsel insists that if the inquest finds that the health of the neighborhood will be endangered, the court must refuse the application. However this may be where there is no contest, we hold, when there is a contest,

the inquest does not conclude the court, either in granting or denying the application.

Where there is a contest, section 2495 of the Code says : If it appear to the judge from the inquest, or from any other evidence, that the residence of any owner, or the out-houses, enclosures, garden, or orchard, immediately belonging thereto, will probably be overflowed, or that the health of the neighborhood will probably be endangered, or any other mill or water-works probably overflowed, the judge must not grant the application; but if such results are not likely to ensue, the application must be granted. The decree of the judge states, that on the trial many witnesses were examined, and that it appeared to his satisfaction, that none of these results would ensue, and, particularly, that the health of the neighborhood would not probably be endangered ; therefore, the application was granted. We can not review this decree on the merits, for the reason that the evidence does not appear in the transcript.

If the appellant desired to have the said decree reviewed in this court, on the merits, he should have objected to the decree, and set out the evidence in a bill of exceptions ; but as this was not done, we are bound to hold the evidence before the judge was sufficient to warrant the decree.— *Forrester v. Forrester*, 40 Ala. 557 ; *Morgan's Adm'r v. Morgan's Distributees*, 35 Ala. 303.

We are unable to discover any available error in the proceedings or decree of the court below.

Let the decree be affirmed, at the costs of the appellant.