(83 South. 477)

### McALPINE et al. v. CARRE et al.
### (1 Div. 129.)

(Supreme Court of Alabama. Nov. 20, 1919.)

EXECUTORS AND ADMINISTRATORS �köⁿ510(12)— ORDER SUSTAINING OBJECTIONS TO EXECUTORS' SETTLEMENT AFFIRMED ON ABRIDGED RECORD NOT CONTAINING EVIDENCE.

An order sustaining objections to a final settlement by executors will not be reversed on theory that the court erroneously construed the will to prohibit the executors from making certain payments, where the appeal is on an abridged record, without bill of exceptions or evidence, and the objections filed indicate that the objecting parties held an unsatisfied judgment, which the executors could have paid from funds in their hands, for a decree will not be reversed, if the court had authority to render it under any presumable state of the proof.

Appeal from Probate Court, Mobile County; Price Williams, Judge.

Application by John W. McAlpine and others, as executors of the estate of Blanche C. Turner, deceased, for final settlement of their accounts, opposed by Edmund Carre and others. From a decree sustaining the objections, the executors appeal. Affirmed.

Appellants, as executors of the estate of Blanche C. Turner, deceased, filed their accounts for final settlement of said estate, to which the Bank of Mobile, a corporation, filed objections upon numerous grounds, among them that said bank was a creditor of said estate, and had recovered a judgment against said executors, individually and as executors of said estate, which judgment had not been paid; that the accounts filed by the executors show that they have on hand sufficient funds to pay said judgment, but have failed to do so; that said accounts fail to account for personal property belonging to said estate, delivered to one of the residuary legatees, said delivery being unauthorized until all the debts of the estate had been paid in full; and other grounds to like effect, naming the other residuary legatees, who were executors of the will, together with the delivery of certain bonds to certain residuary legatees, the debts not having been paid.

On April 30, 1919, the day set to hear said objections, the probate court entered an order reciting the presence of parties by counsel, and that the court having heard the evidence and argument was of the opinion that the objections of the Bank of Mobile should be sustained, and so ordered. Exceptions were reserved by the executors. The executors prosecute this appeal, to review the rulings of the court as to the objections filed by the Bank of Mobile.

Webb, McAlpine & Grove, of Mobile, for appellant. Counsel discussed, with citation of authority, the proper construction of item 1 of the codicil, but in view of the opinion it is not here necessary to set it out.

Inge & Kilborne, of Mobile, for appellee. There is no evidence in the record to enable this court to review the action of the lower court. McGowan v. Milner, 195 Ala. 44, 70 South. 175, and authorities there cited.

GARDNER, J. This appeal is upon an abridged record, and seeks to review the ruling of the court sustaining objections of the Bank of Mobile to the accounts filed for final settlement by the executors of Blanche C. Turner, deceased. The accounts of said executors are omitted from the transcript. There is neither evidence nor bill of exceptions. The objections of the Bank of Mobile show that said bank had recovered a judgment which was unsatisfied, and some of the grounds of objection point out that the executors have sufficient funds on hand to pay said judgment. The decree rendered by the court recites that the "same was rendered after having heard the evidence." In Forrester v. Forrester, 40 Ala. 557, is the following:

"There being no bill of exceptions taken on the hearing of the final settlement of the administration, and the evidence not being set out upon which the court rendered its decree, we will not reverse, if the court had the authority, under any state of proof that could be presumed, to render the decree it did."

See, also, Gordon v. McLeod, 20 Ala. 242; Jones' Heirs v. Jones' Adm'r, 42 Ala. 218; McGowan v. Milner, 195 Ala. 44, 70 South. 175.

Counsel for appellant have treated the appeal as presenting for review only a construction of a certain portion of the residuary clause of the codicil to the will; but the foregoing authorities disclose that we do not reach a consideration of that question, and that the principle therein announced is controlling here to an affirmance of the decree.

The presumption is in favor of the correctness of the decree, and it will be here affirmed.

Affirmed.

McCLELLAN, SAYRE, and THOMAS, JJ., concur.