76 So.2d 169

Jennie COX et al.

v.

Olive LOGAN.

2 Div. 334.

Supreme Court of Alabama.

Nov. 18, 1954.

Thompson & Gilmore and Zack Rogers, Jr., Butler, for appellants.

Lindsey & Christopher, Butler, for appellee.

MERRILL, Justice.

This is a contest of the purported will of Jesse Turner, deceased, tried before the Probate Judge of Choctaw County without the intervention of a jury. The judgment was in favor of the proponent; a motion for a new trial was overruled and contestants appeal from the final judgment admitting the will to probate and from the judgment denying the motion for a new trial.

The ground of the contest was that the signature of Jesse Turner to the purported will was a forgery:

The assignments of error are that the court erred in refusing to grant the motion for new trial, that the evidence is insufficient to sustain the judgment, that the judgment is contrary to law and that the judgment is contrary to the evidence.

Assignment of error No. 2. that, "The court erred in granting the final judgment or decree, which is not sustained by the great preponderance of evidence," is not considered, because a judgment is not required to be sustained by the great preponderance of evidence. Mobile City Lines v. Alexander, 249 Ala. 107, 30 So. 2d 4.

The decision in this case became a question of fact to be determined by the probate court. Under the provisions of Code of 1940, Title 13, § 66, we are not required to write opinions in cases where the decision relates to questions of fact only, but because of the insistence of the appellant that the judgment is not supported by the evidence, we will set out the tendencies of the evidence given in behalf of the proponent.

Jesse Turner was a Negro about 70 years of age, having no wife or children and his closest relatives were sisters, nieces and nephews, who are the contestants. Jesse Turner owned approximately 80 acres of land and he and Marvin Logan, a white man and neighbor, were partners in a joint logging venture. On June 24, 1947, around 9:00 o'clock A.M. Jesse Turner came to the Logan home and asked Mrs. Olive Logan, wife of Marvin, to write his will. Present were Marvin Logan, Mrs. Olive Logan, Janie Logan (a sister of Marvin Logan) and a white man named Roy Lewis, who was not related to the Logans. Jesse Turner dictated the terms of his will to Mrs. Olive Logan and she wrote the will in ink as directed by Turner, and by the will he bequeathed all of his property, some 80 acres of land, to Marvin Logan. He acknowledged the single sheet of paper as his will, signed it and asked Mrs. Logan and Janie Logan to witness it. They subscribed their names to the instrument and he then asked Marvin Logan to keep it. Marvin Logan

gave it to Mrs. Logan and she kept the will in her possession until Turner's death in 1952.

Mrs. Olive Logan and Janie Logan, the two subscribing witnesses, testified that Jesse Turner executed the will in their presence. Roy Lewis also testified that he saw Jesse Turner sign the will and one Fred Mazingo testified that in 1949 Jesse Turner told him that he would not be here much longer and that he had made a will. Marvin Logan did not testify because he was in Bryce Hospital.

The most important witness for the contestants was a handwriting expert, who testified that he had examined the signature of Jesse Turner where it was affixed to two deeds and to several tax returns and that in his opinion the signature on the will "was not written by the person who signed the signature to the deeds."

All of the testimony in this cause was taken orally before the probate court. The finding of the probate court, based on the examination of witnesses ore tenus, is presumed to be correct and will not be disturbed by this court unless palpably erroneous, Wiggins v. Wiggins, 241 Ala. 333, 2 So.2d 402; Goldsmith v. Gates, 205 Ala. 632, 88 So. 861, and "this court is not to reverse the trial court under these circumstances only for the reason that his conclusion is contrary to the mere preponderance of the evidence, or, indeed, merely because this court may have reached a contrary conclusion." Davis v. Harrell, 209 Ala. 528, 96 So. 616, 617.

The grounds in the motion for a new trial were the same as those covered by the assignments of error. The witnesses were examined orally before the court, and the Judge had the benefit of observing their manner and demeanor and the better opportunity to pass upon the credibility of the testimony. His finding has the force of a verdict by a jury. Such a judgment will not be disturbed unless plainly erroneous or manifestly wrong.

We cannot say that the judgment in this case is plainly erroneous or manifestly wrong. As pointed out supra, there is ample evidence to sustain it. Robins Transfer Co. v. Lewis, Ala., 74 So.2d 247[1]. See Faust v. Miller, 260 Ala. 665, 72 So.2d 294 [5]. It follows that the judgment should be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and STAKELY, JJ., concur.