178 So.2d 154

**Clyde DAVIS**

v.

**Lillie Viola DAVIS, Executrix.**

**6 Div. 201.**

Supreme Court of Alabama.

Sept. 2, 1965.

Edwin C. Betts, Birmingham, for appellant.

Izas Bahakal, Birmingham, for appellee.

MERRILL, Justice.

This is an appeal from a decree of the Circuit Court of Jefferson County, rendered on February 8, 1965, in which that court affirmed the orders, judgments and decrees of the Probate Court of Jefferson County, granting letters testamentary to the appellee, as the wife of the deceased testator, and denying letters of administration to the appellant, a brother of deceased, in the estate of Roy Thomas Davis, deceased.

The question before the probate court was whether appellee was the widow of the deceased. The pleadings showed that they had been married over thirty-seven years; that the deceased, on January 12, 1960, executed a will making appellee his beneficiary and naming her his executrix to act without bond; that they were divorced in November, 1962, but at that time, and subsequently thereto, they were living together as husband and wife, and that the deceased had instructed his attorney to have the divorce set aside. The probate court found "that Lillie Viola Davis is the widow of said deceased, and therefore is entitled to Letters Testamentary as Execu-

trix, in accordance with the provisions of the will of the deceased."

The decree of the probate court shows that that court "did hear said petition and the *testimony* presented." In brief, appellee asserts that a "host of witnesses presented to the Trial Court an abundance of evidence"; that the probate court, "after hearing all the evidence, reached the conclusion" etc., and that the evidence was transcribed by a court reporter but the testimony was not made a part of the record on appeal to the circuit court. Appellant, in his reply brief, does not take issue with the statement.

There is also no bill of exceptions or testimony in the record before us.

The rule is that where no testimony is contained in the record on appeal, a decree which recites that it was granted on pleadings, proofs and testimony will not be disturbed on appeal. Williams v. Clark, 263 Ala. 228, 82 So.2d 295, 2 Ala.Dig., Appeal & Error ☞671(3). And it will be presumed that the evidence was sufficient to sustain the verdict, finding, judgment, or decree where all the evidence is not in the record. Williams v. Clark, supra; 2A Ala. Dig., Appeal & Error, ☞907(4).

A decree of the probate court will not be reversed if the evidence upon which it is made is not set forth, and there is no bill of exceptions, unless it appears in the decree that the court had no jurisdiction. Forrester v. Forrester's Adm'rs, 40 Ala. 557; McAlpine v. Carre, 203 Ala. 468, 83 So. 477. Here, the Probate Court of Jefferson County had jurisdiction of the parties and of the subject matter.

The finding of the probate court, based on the examination of witnesses ore tenus, is presumed to be correct and will not be disturbed on appeal unless palpably erroneous. Cox v. Logan, 262 Ala. 11, 76 So.2d 169, and cases there cited.

We assume that the circuit court affirmed the decree of the probate court on the principles we have stated supra, and we have no alternative but to affirm the decree of the circuit court on the same authorities.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.