Shirley Brooks petitioned for the probate of Vienna Glover's will; Glover had left all of her estate to Brooks and the will named Brooks as executrix of her estate. C.W. Swader, Jr., Charles W. Lowery, Lee Lowery, and Carolyn Pruitt contested the will, alleging lack of capacity. They also alleged that Brooks had obtained Glover's signature on the will through undue influence and fraud. After an ore tenus proceeding, the probate court held that Glover had lacked sufficient testamentary capacity at the time she executed the will and, thus, denied probate of the will. The probate court appointed Terrell Sanders as the administrator of Glover's estate and found in favor of Brooks on the claims of undue influence and fraud. Following the court's entry of a judgment denying probate, Brooks moved for a new trial, which the probate court denied, and she then appealed to the circuit court. The circuit court reversed the probate court's judgment and ordered a new hearing. Sanders appeals.
Under Ala. Code 1975, § 12-22-20, a party may appeal to the circuit court from any final judgment of the probate court. This section does not allow for a trial de novo in the circuit court; rather, the circuit court acts in an appellate capacity and may not substitute its judgment for that of the probate court. Martin v. Vreeland, 526 So.2d 24 (Ala. 1988). Where the evidence is presented ore tenus, the probate court's findings will not be disturbed on appeal unless they are plainly erroneous or manifestly *Page 338 
unjust. Craig v. Perry, 565 So.2d 171 (Ala. 1990).
The sole issue on appeal here is whether the circuit court improperly substituted its judgment for that of the probate court, in view of the evidence.
We begin by noting these facts: In the months before executing her will, Glover suffered a decline in her mental and physical capacity. She began to behave erratically and needed Swader and a neighbor to help her pay bills. About two months before Glover executed her will, Swader took her to be examined by Dr. Gary Grayson, a geriatric psychiatrist. Dr. Grayson determined that Glover showed obvious signs of dementia; thereafter, Swader filed a petition for conservatorship. Joel Alexander was appointed Glover's guardian ad litem and visited her on two occasions. Based on his observations during these visits, Alexander recommended that the court appoint Swader as conservator. During the pendency of the conservatorship hearing, Glover executed a will drawn up by her attorney, James Harris. At the hearing on the probate petition, both Dr. Grayson and Harris testified as to Glover's mental state before the time she executed her will. Dr. Grayson testified that he examined Glover only once and that his opinion of her condition was based in part on her refusal to participate in a psychiatric test. Dr. Grayson stated it was possible that Glover could have had lucid moments in spite of her alleged dementia and that she could have possessed the mental capacity to execute a will. Harris testified that he had met with Glover on a number of occasions to discuss the conservatorship proceedings and her will and that she had appeared alert and knowledgeable of her own affairs. He stated that Glover was specific and emphatic as to how she wished to devise her estate and was fully aware of her financial assets. Harris's secretary testified that she had spent 30 to 45 minutes with Glover on the day the will was executed and was certain that Glover was of sound mind at that time.
Evidence showing that a testatrix had become increasingly feeble, unable to handle her own affairs, and even unaware of her own actions at a time prior to executing a will is insufficient to show that the testatrix lacked testamentary capacity. Sessions v. Handley, 470 So.2d 1164 (Ala. 1985). A testatrix may be found mentally competent to execute a will, despite evidence that she was diagnosed as dementia praecox, if there is sufficient evidence from competent witnesses who transacted business with or assisted her in financial affairs.Lawrence v. First National Bank of Tuskaloosa, 516 So.2d 630
(Ala. 1987). The question of whether there was testamentary capacity is determined by the testatrix's mental condition atthe time she executed the will. Burke v. Thomas, 282 Ala. 412,211 So.2d 903 (1968). Testamentary capacity is defined as follows:
 " '[M]ind and memory sufficient to recall and remember the property she was about to bequeath, and the objects of her bounty, and the disposition which she wished to make — to know and understand the nature and consequences of the business to be performed, and to discern the simple and obvious relation of its elements to each other. . . .' "
Sessions v. Handley, 470 So.2d at 1167, quoting Fletcher v.Deloach, 360 So.2d 316 (Ala. 1978).
In its order reversing the probate court's judgment, the circuit court found that the probate court had failed to give due regard to Harris's testimony and noted that Harris had had far greater opportunity to scrutinize Glover's mental state. After thoroughly examining the record, we must agree with the circuit court. The testimony of Swader, the neighbor, and Dr. Grayson merely establishes that Glover was in mental decline; it does not prove that she was in dementia at the time she planned and executed her will. Harris and his secretary were the only witnesses who actually observed Glover during this period; thus, their testimony must be afforded greater weight. Accordingly, we find no error in the circuit court's order granting a new trial in this matter. *Page 339 
The judgment of the trial court is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.