Jackie R. McCallie filed a petition in the Probate Court of Etowah County, pursuant to the Alabama Uniform Guardianship and Protective Proceedings Act, Ala. Code 1975, § 26-2A-1 et seq., seeking to be appointed *Page 585 
as conservator of the estate of his mother, Ruth C. McCallie. Jackie's brother, David M. McCallie, acting under the authority of a durable power of attorney executed by his mother, filed a motion to dismiss the petition on the ground that he was qualified and competent to manage his mother's personal affairs and, therefore, that the appointment of his brother as conservator was unnecessary. After an ore tenus hearing, during which Jackie and David stipulated that their mother was unable to manage her personal affairs, the probate court entered an order dismissing Jackie's petition and requiring him to pay David's attorney fee in the amount of $450. Jackie appealed. We affirm in part, reverse in part, and remand.
Because there is no record of the testimony presented to the probate court, the probate court's apparent finding that David is qualified and competent to manage his mother's personal affairs is presumed to be correct. See Davis v. Davis, 278 Ala. 328,330, 178 So.2d 154, 155 (1965):
 "The rule is that where no testimony is contained in the record on appeal, a decree which recites that it was granted on pleadings, proofs and testimony will not be disturbed on appeal. Williams v. Clark, 263 Ala. 228, 82 So.2d 295
[(1955)], 2 Ala.Dig., Appeal Error § 671(3). And it will be presumed that the evidence was sufficient to sustain the verdict, finding, judgment, or decree where all the evidence is not in the record. Williams v. Clark, supra; 2 Ala.Dig., Appeal Error Key No. 907(4).
 "A decree of the probate court will not be reversed if the evidence upon which it is made is not set forth, and there is no bill of exceptions, unless it appears in the decree that the court had no jurisdiction. Forrester v. Forrester's Adm'rs, 40 Ala. 557 [(1867)]; McAlpine v. Carre, 203 Ala. 468, 83 So. 477 [(1919)]. . . .
 "The finding of the probate court, based on the examination of witnesses ore tenus, is presumed to be correct and will not be disturbed on appeal unless palpably erroneous. Cox v. Logan, 262 Ala. 11, 76 So.2d 169 [(1954)], and cases there cited.
 "We assume that the circuit court affirmed the decree of the probate court on the principles we have stated [above], and we have no alternative but to affirm the decree of the circuit court on the same authorities."[1]
Jackie contends, however, that the probate court had no statutory authority to dismiss *Page 586 
his petition after he and his brother had stipulated to their mother's lack of capacity. He also contends that his mother was not present at the hearing; that a guardian ad litem was not appointed to represent his mother; and that his mother was not examined by a physician or other qualified person designated by the court. These alleged procedural defects, according to Jackie, require the reinstatement of his petition. Jackie also argues that there was no basis for an award of attorney fees.
Section 26-2A-31 provides that a probate court has "full power to make order[s], judgments, and decrees and [to] take all other action necessary and proper to administer justice in the matters [relating to estates of protected persons and protection of minors and incapacitated persons] that come before it." Section 26-2A-135 provides in pertinent part:
 "(b) Upon receipt of a petition for appointment of a conservator or other protective order for reasons other than minority, the court shall set a date for [a] hearing. Unless the person to be protected has chosen counsel, the court shall appoint an attorney to represent the person who may be granted the powers and duties of a guardian ad litem. If the alleged disability is mental illness, mental deficiency, physical illness or disability, physical or mental infirmities accompanying advanced age, chronic use of drugs, or chronic intoxication, the court must direct that the person to be protected be examined by a physician or other qualified person designated by the court, preferably one who is not connected with any institution in which the person is a patient or is detained. The court may send a court representative to interview the person to be protected. The court representative may be a guardian ad litem or an officer or employee of the court.
". . . .
 "(d) The person to be protected is entitled to be present at the hearing in person. When the person to be protected is not present in person at the hearing, the court, before proceeding at the hearing in the person's absence, must determine that the person's absence is in the best interest of the person to be protected. At the request of the person to be protected, the person is entitled to be represented by counsel, at the person's expense, to present evidence, to cross-examine witnesses, including any court-appointed physician or other qualified person and any court representative, and upon demand to trial by jury as provided in Section 26-2A-35. The issue may be determined at a closed hearing if the person to be protected or counsel for the person so requests.
". . . .
 "(f) After [the] hearing, upon finding that a basis for the appointment of a conservator or other protective order has been established, the court shall make an appointment or other appropriate protective order."
The parties agree that Ruth McCallie's capacity was not an issue at the hearing. Instead, the only issue appears to have been whether there was any basis for the appointment of Jackie as a conservator to manage Ruth McCallie's personal affairs. As previously noted, the probate court's finding that David was qualified and competent to manage his mother's personal affairs, pursuant to his power of attorney, is presumed to be correct. There is no statutory support for Jackie's contention that the stipulation of incapacity that he entered into with David required the probate court to appoint Jackie as a conservator. To the contrary, the appointment of a conservator is required under § 26-2A-135(f) only upon a finding by the probate court "that a basis for the appointment . . . has been established."
With respect to Jackie's procedural arguments, we note that Ruth McCallie's presence at the hearing was not required, and we presume that the probate court determined that her absence would not adversely affect her interests. Section 26-2A-135(d). Furthermore, § 26-2A-135(b) requires the appointment of a guardian ad litem only if the person to be protected is not represented by an attorney. Here, Ruth McCallie's interests were adequately represented by an attorney hired by David pursuant to the authority vested in him under the *Page 587 
durable power of attorney. Although Jackie questioned the validity of the power of attorney by suggesting that David may have unduly influenced or manipulated Ruth McCallie, nothing in the record remotely suggests that the power of attorney was acquired by improper means or that David was not carrying out his mother's wishes in contesting the petition. To the contrary, the record reflects that Ruth McCallie sent the following letter to Jackie and his wife in response to another conservatorship petition that Jackie had filed approximately one and one-half years before the present petition was filed:
"Dear Jackie and Sonja,
 "I am writing you this letter today to let you know I am well in mind and body. This letter is to let you know that I love you, and that you are welcome in my home anytime, as long as it is to show me love and respect. The things that have happened in the past will not happen again if you respect me. Never again are you to try to make me change anything that I have decided is in my best interest, such as my power of attorney, my bank account, my C.D., or my annuities. All of these things are as I wish them to be, and I expect you to abide by my wishes.
 "If my wishes are not carried out by you then I will see that my last will and testament will be rewritten to read, to Jackie R. McCallie, I leave one dollar and love and affection. This will stand up in any court of law in Ala. A copy of this letter is also being mailed to my attorney and the Probate Judge.
 "My door is always open for you, but you will respect me at all times.
"With love and respect,
"Your Mother."
Jackie's contention that the dismissal of his petition was improper because his mother was not examined by a physician or other qualified person designated by the court is also not persuasive. The Comment to § 26-2A-135 states in part:
 "In subsection (b), this section requires ('must') the court to direct that the person to be protected be examined. This provision differs from the Uniform Act section 26-2A-135, which makes the direction discretionary with the court. In exercising this direction, this subsection also permits the examination to be by 'other qualified person,' which is an addition that is not in the Uniform Act section 26-2A-135. The Alabama committee made this addition based on the belief that the procedures under sections 26-2A-102 and 26-2A-135 should be parallel in this regard. And in section 26-2A-102, 'other qualified person' will include perhaps psychologists and clinical psychologists if the court so determines.
 "Since there has not been any prior determination of incapacity, the person, for whom a protective order is sought, should be extended the same rights as any other person whose personal freedom may be restricted as a result of the proceedings. Subsection (d) expressly recognizes those rights."
Ruth McCallie's interests were represented by an attorney, who stipulated to her incapacity. Although § 26-2A-135(b) requires an examination to determine the extent, if any, of an alleged disability, the stipulation in this case obviated any need for an examination. Furthermore, Ruth McCallie's personal freedoms were not in any way restricted by the probate court; to the contrary, the probate court maintained the status quo by allowing the person of her choice to continue to manage her personal affairs. Based on the circumstances here presented, it would elevate form over substance, and run counter to the apparent intent of the legislature, for us to reverse the order of the probate court on this ground. See § 26-2A-2, which provides, in pertinent part, as follows:
 "(a) This chapter shall be liberally construed and applied to promote its underlying purposes and policies.
 "(b) The underlying purposes and policies of this chapter are to:
 "(1) Simplify and clarify the law concerning the affairs of minors, missing or disappeared persons, protected persons, and incapacitated persons;
 "(2) Promote a speedy and efficient system for managing and protecting the *Page 588 
estates of protected persons so that assets may be preserved for application to the needs of protected persons and their dependents."
Finally, we do agree with Jackie's contention that there is no apparent basis for the award of an attorney fee. Alabama follows the American rule, by which attorney fees may be recovered if they are provided by statute, if they are provided by contract, or if they are available by special equity, such as in proceedings where the attorney's efforts create a "common fund" out of which fees may be paid. City of Ozark v. Trawick,604 So.2d 360 (Ala. 1992). Section 26- 2A-142(a) provides:
 "If not otherwise reasonably compensated for services rendered, any court representative, attorney, physician, conservator, or special conservator appointed in a protective proceeding and any attorney whose services resulted in a protective order or in an order that was beneficial to a protected person's estate is entitled to reasonable compensation from the estate. . ."
(Emphasis added.)
There being no legal basis for requiring Jackie to pay David's attorney fee, the probate court's order, to the extent that it requires such a payment, is reversed; otherwise, the order dismissing the petition is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
SHORES and INGRAM, JJ., concur.
ALMON and BUTTS, JJ., concur in the result.
[1] The record is unclear as to whether the parties or the probate court anticipated that the issue of David's competence to manage Ruth McCallie's personal affairs would be tried to a jury, pursuant to § 26-2A-35. The petition does not contain a request for a jury trial, and there is no order from the probate court indicating that a jury trial was contemplated; however, Jackie's "memorandum brief," filed in response to the motion to dismiss, states: "Under the facts as alleged it is necessary for a jury . . . to decide the merits of the petition." We note that even if we were to assume that Jackie did not waive his right to a jury trial, we would nonetheless have to presume that no genuine issue of material fact exists with respect to the need for a conservator. When a trial court holds a hearing on a motion to dismiss and considers matters outside the pleadings in ruling on the motion, the motion must be treated as one for a summary judgment. See Rule 12(b), Ala.R.Civ.P. (With certain exceptions, the Rules of Civil Procedure are applicable to conservatorship proceedings under the Alabama Uniform Guardianship and Protective Proceedings Act. See § 26-2A-33.) Here, the probate court held a hearing on the motion to dismiss and considered matters outside the pleadings in ruling on the motion; therefore, we would have to treat the probate court's order as a summary judgment. A summary judgment is appropriate only where the moving party has made a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. Once a moving party makes this prima facie showing, the burden shifts to the nonmoving party to present substantial evidence in support of his position to defeat the summary judgment motion — i.e., evidence creating a genuine issue of material fact.
As noted, there is no record of the testimony presented at the hearing in this case. Based on the record before us, we would have to presume that at the hearing before the probate court, David made a prima facie showing that there was no genuine issue of material fact as to his competence to manage his mother's personal affairs and that he was entitled to a judgment as a matter of law; and that Jackie failed to present substantial evidence creating the genuine issue of material fact necessary to defeat the summary judgment motion. In other words, we would have to presume that the probate court's judgment was supported by the evidence the court had before it. See Vise v. Cole Sanitation, Inc., 591 So.2d 32 (Ala. 1991).