Glenda Hall Speegle appeals from a summary judgment in favor of Arthur Oswald, holding invalid a 1994 will executed by Evelyn Morris Oswald. This case was deflected to this Court by the Alabama Supreme Court pursuant to § 12-2-7(6), Ala. Code 1975.
Evelyn Morris Oswald ("the testatrix"), who died on September 5, 1998, was the mother of Glenda Hall Speegle ("the daughter") and the wife of Arthur Oswald ("the husband").
After the testatrix's death in 1998, the husband sought to probate a will the testatrix had executed in 1978 and a codicil she had executed in 1983. The daughter petitioned the probate court to probate the testatrix's 1994 will as the testatrix's valid last will and testament. The daughter and the husband each contested the will offered by the other. The will contests were removed from the probate court to the circuit court. The daughter petitioned that court to deny probate to the 1978 will and 1983 codicil and to declare the 1994 will to be the testatrix's valid last will and testament, and the husband petitioned that court to deny probate to 1994 will and to declare 1978 will and 1983 codicil to be the testatrix's valid last will and testament.
The husband also moved for a summary judgment, contending that there was no genuine issue of material fact and that he was entitled to a judgment as a matter of law on the question of the validity of the 1994 will. The daughter filed a response in opposition to the husband's summary-judgment motion. *Page 596 
After a May 1999 hearing, the circuit court entered a summary judgment in favor of the husband, declaring the 1994 will to be invalid and denying probate of that will. The circuit court certified that its judgment was final, pursuant to Rule 54(b), Ala.R.Civ.P. The circuit court also remanded the action to the probate court for further proceedings with respect to the 1978 will and 1983 codicil.
The daughter moved to alter, amend, or vacate the judgment or, in the alternative, for a new trial. The circuit court denied the daughter's motion. This appeal followed.
The record indicates the following facts: The testatrix and the husband had been married 36 years at the time of the testatrix's death in 1998. The daughter is the testatrix's daughter from a prior marriage.
In September 1993, the probate court issued an order, granting the petition for the appointment of a conservator over the testatrix's estate. The probate court found that the testatrix was incapacitated and unable to manage her property and her business affairs. The probate court appointed Roscoe O. Roberts, Jr., as conservator for the testatrix's estate. In the statement of facts in his brief filed in support of the summary-judgment motion, the husband stated that in 1993 the testatrix was diagnosed with dementia and Alzheimer's disease.
The daughter says that in January 1994, the testatrix asked the daughter to drive her to the law offices of Coleman Burton and that she complied with the testatrix's request. Burton testified that when he met with the testatrix, they discussed her family and her property and that she clearly expressed that she desired to make a will and what bequests she wanted in that will. Burton drafted the will and the testatrix executed it. The testatrix left Burton's office with the original will.
After the testatrix's death, the daughter contacted Burton and obtained a copy of the testatrix's 1994 will, because she could not find the original of the will. As previously noted, the daughter sought to have the 1994 will probated, the husband sought to have the 1978 will and 1983 codicil probated, and each filed a will contest.
The circuit court's summary judgment declared the 1994 will to be invalid. We reverse and remand.
In the summary judgment, the circuit court stated:
 "The court finds that, with respect to the `Motion For Summary Judgment' filed by [the husband], there is no genuine issue as to any material fact and that [the husband] is entitled to a judgment as a matter of law. Specifically, from the admissible evidence, the court finds that [the testatrix] lacked testamentary capacity to make a will on the 6th day of January 1994, further finding that, assuming arguendo, [the testatrix] had such testamentary capacity, the proponent of the will dated the 6th day of January 1994, has not presented evidence sufficient to overcome the presumption that the testatrix (Evelyn Morris Oswald) destroyed the will for the purposes of revocation."
In Sanders v. Brooks, 611 So.2d 336, 338 (Ala. 1992), our supreme court stated:
 "Evidence showing that a testatrix had become increasingly feeble, unable to handle her own affairs, and even unaware of her own actions at a time prior to executing a will is insufficient to show that the testatrix lacked testamentary capacity. A testatrix may be found mentally competent to execute a will, despite evidence that she was diagnosed as dementia praecox, if there is sufficient evidence from competent witnesses who transacted business with or assisted her in financial affairs. The question of whether there was testamentary capacity is determined by the testatrix's mental condition at the time she executed the will. Testamentary capacity is defined as follows: *Page 597 
 "`"[M]ind and memory sufficient to recall and remember the property she was about to bequeath, and the objects of her bounty and the disposition which she wished to make — to know and understand the nature and consequences of the business to be performed, and to discern the simple and obvious relation of its elements to each other . . . ."'"
(Citations omitted.) (Emphasis original.)
In Smith v. Vice, 641 So.2d 785, 786 (Ala. 1994), our supreme court stated:
 "Simply stated, if the testator knows his estate and to whom he wishes to give his property and understands that he is executing a will, he has testamentary capacity. A person may execute a valid will, even if he or she is not competent to transact ordinary, everyday affairs."
(Citations omitted.) The attorney who prepared the 1994 will testified that he had been the testatrix's attorney on various matters for a period of five to seven years. He testified that on one occasion she came to see him for the explicit purpose of making a will. He stated that on that occasion, he questioned her to ascertain whether she knew the members of her family and what property she wanted to bequeath to those family members. This evidence created a genuine issue of material fact on the question of the testatrix's testamentary capacity to make the 1994 will.
As previously noted, the trial court also determined that the daughter "has not presented evidence sufficient to overcome the presumption that the testatrix (Evelyn Morris Oswald) destroyed the will for the purposes of revocation."
However, the daughter presented evidence indicating that the husband had transferred the testatrix's interest in jointly owned property to himself, without the testatrix's knowledge or consent, and that he would not allow the testatrix's family or friends to have access to her, to her home, or to her possessions. The daughter also presented evidence — four separate writings in the testatrix's own handwriting — stating the testatrix's intent that her property go to the daughter.
The husband argues that "[t]hese letters are irrelevant because evidence of the state of mind is insufficient to rebut revocation." However, in Anderson v. Griggs, 402 So.2d 904, 909
(Ala. 1981), our supreme court, quoting from City National Bank ofBirmingham v. Andrews, 355 So.2d 341, 343 (Ala. 1978), stated that "`the cardinal rule in cases involving wills'" is to ascertain the intent of the testator. These letters shed light on the testatrix's intentions. Thus, these letters create a genuine issue of material fact on the question whether the testatrix destroyed her will for the purposes of revocation or whether the will was lost.
The summary judgment is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
CRAWLEY, J., concurs in result.