Rel: August 29, 2025

Notice: This opinion is subject to formal revision before publication in the advance sheets of Southern Reporter. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in Southern Reporter.

# SUPREME COURT OF ALABAMA

## SPECIAL TERM, 2025

_____

### SC-2024-0757
_____

**K. Nickie Bateman, Attorney at Law, as administrator ad litem for the Estate of Minnie Pearl Harvey, deceased**

**v.**

**Inez Lee**

**Appeal from Pike Circuit Court**
**(CV-20-8)**

WISE, Justice.

K. Nickie Bateman, an attorney and the administrator ad litem for the estate of Minnie Pearl Harvey, deceased, appeals from a judgment of the Pike Circuit Court, which was entered on appeal from the Pike Probate Court. We reverse and remand.

Background

On March 27, 2019, William McSwain filed a petition to probate the will of Minnie Pearl Harvey and for letters testamentary. He stated that Harvey had died on March 4, 2019, and that he was her only child. He also stated that Harvey was survived by him and by her sister, Inez Lee. On April 1, 2019, the Pike Probate Court entered an order admitting the will to probate and granting letters testamentary to McSwain.

On April 9, 2019, Lee filed a petition to contest the will and a motion for a protective order. After conducting a hearing, on April 29, 2019, the probate court ordered McSwain, among other things, to surrender the letters testamentary that had been issued to him. On that same date, the probate court appointed K. Nickie Bateman as the administrator ad litem for the estate. On May 10, 2019, McSwain filed a reply in which he denied every allegation in the will contest. On May 29, 2019, the probate court issued letters of administration ad litem to Bateman.

On July 3, 2019, McSwain filed a claim against the estate for $9,717.91. On July 23, 2019, he filed another claim against the estate for certain items of personal property he had removed from Harvey's residence.

2

On September 30, 2019, Lee filed a stipulation to dismiss the will contest if certain conditions were satisfied. The stipulation provided, in part, that Bateman's administrator-ad-litem fees would be paid from estate funds. It also provided that, after the dismissal of the will contest, the probate court would continue to probate Harvey's will as if the will contest had not been filed. On September 30, 2019, the probate court entered an order that was consistent with the terms of the stipulation.

On October 15, 2019, Bateman filed an invoice for $6,180 in administrator-ad-litem fees. On October 29, 2019, Lee filed an objection to the invoice, arguing that it was unreasonable. She also stated that she would not have entered into a stipulation to pay such expenses if she had known that they would include fees for unnecessary acts.

On November 22, 2019, the probate court conducted a hearing on Lee's objection to Bateman's invoice. On December 20, 2019, it entered an order that provided, in relevant part:

> "The law of Alabama, correctly noted by [Lee's] attorneys, is § 43-2-256[, Ala. Code 1975]. That section states:
>
> > "'Such administrator ad litem must be allowed for his services such compensation as the judge of probate or judge of the circuit court appointing him may direct, to be taxed and collected as part of the costs of the proceedings,

3

either out of the estate represented by him, or out of the general fund administered therein or out of any party to the action who may be taxed therewith, as the court may direct.'

"The argument of [Lee] was about the reasonableness of the fee. This section of the law does not consider that argument. However, when accepting a fee from an administrator ad litem, it is incumbent upon a probate judge, as the conservator of all estates under his jurisdiction, to take into consideration whether the fee requested is reasonable or unconscionable. To look for guidance it is instructive to look at the language of § 43-2-848[, Ala. Code 1975]. This lays out a framework which discusses what type of things a judge might consider when determining reasonability. Nothing within the bill in question was outside of this guidance. Without hesitation, this Court flatly rejects the notion that anything [Bateman] did as it relates to billing or the administration of the estate in general was unconscionable. The activities undertaken were clearly done with the best interest of the Estate in mind. Requesting quotes, doing due diligence, making physical checks of the property to secure the assets is exactly what the Court expected when making the appointment. While 'anybody' could have been appointed, to include a non-lawyer, the Court saw fit to appoint a lawyer to avoid the costs associated with hiring another lawyer in addition to paying an administrator ad litem. [Bateman's] fees are separated in such a way that the duties related to the Estate and the work dealing with the legal questions [are] easily understandable. The Court can look at the bill, and make some easy references to the argument of [McSwain]. 2.5% of $229,189.04 (the assets claimed in the inventory/accounting of [Bateman], taken from [Lee's] assets in Exhibit 4) would be $5729.73 which is only $450.27 less than claimed. Certainly, a non-lawyer administrator, needing any legal advice, would have been at a disadvantage only having $450.27 to spend on legal fees. Additionally, legal fees and expenses would have been paid almost without question

4

by the Estate without some serious issue of fraud or suspicious activity.

"The last issue is as to the language [of the] stipulated agreement and subsequent order. [Lee] and [McSwain] entered into a stipulated agreement which was reiterated in the Court's order. A settlement is simply a contract between the parties. It is well settled contract law that parties may enter into a bad contract. The 'benefit of the bargain' doesn't mean the parties will benefit from the bargain. The inherent perils in contracting [are] the reason why parties hire attorneys, in order to avoid pitfalls [of] verbiage when possible, among other things. The fact that the parties entered into a contract that wasn't specific, and the parties did not have certainty in the outcome is not grounds to avoid the terms. After six months, the parties made a deal and asked this Court to make that deal part of the record. For whatever reason, the party's settlement took six months and [Bateman] had no choice but to follow the prescribed duties during that period. The parties entered into a bargained for exchange and they are receiving the result.

"THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that the Court finds [Bateman's] fee is due to be paid as tendered, [Bateman's] bill of $6180.00 is reasonable and the previous Order, memorializing the party's agreement[,] stands. [Lee's] objection is DENIED."

(Capitalization in original.)

On January 24, 2020, Lee filed a notice of appeal to the Pike Circuit Court. On August 27, 2024, and September 17, 2024, the circuit court conducted hearings on the appeal, primarily addressing the

5

reasonableness of Bateman's invoice. Afterward, it entered a judgment that provided:

"This matter came before the Court on appeal from Probate Court. Specifically, [Lee] objected to [Bateman's] invoice and bill. The parties stipulated and agreed that all other aspects of the Probate Court's final judgment were proper and should not be disturbed on appeal. [Lee] argued [Bateman's] bill was unreasonable and should be reduced on appeal. [Bateman] is a licensed attorney and charged $150.00 per hour for all services in this matter. [Bateman], however, did not perform legal services. The itemized invoice shows her time was spent handling routine functions associated with administering a simple estate such as making phone calls, setting up bank accounts, coordinating lawn services for the vacant residence, etc.

"Upon consideration of the Probate Court record, the filings, and arguments of counsel, it is hereby, ORDERED, ADJUDGED, and DECREED

"1. The Probate Court's Order dated December 20, 2019, is hereby REVERSED IN PART.

"2. The Court finds [Bateman] shall be paid $70.00 per hour. This hourly rate is consistent with the rate paid by the State of Alabama for legal services pursuant to Ala. Code § 15-12-21. (Total hours invoiced (41 hours) minus travel time (12.1 hours) is $2,023.00.)

"3. The Court finds the standard mileage rate for transportation or travel expenses shall be paid at a rate of 58 cents per mile pursuant to the 2019 IRS mileage rate. (Total of sixteen (16) round

6

trips to Brundidge (40 miles x 16 trips=640 miles driven) multiplied by .58 is $371.20.)

"4. Total payment due to [Bateman] is $2,394.20.

"5. All other provisions of the probate court's final judgment remain in full force and effect."

This appeal followed.

## Standard of Review

"The appeal from the probate court to the circuit court in this case is governed by Ala. Code 1975, § 12-22-20.

"'[Section 12-22-20] does not allow for a trial de novo in the circuit court; rather, the circuit court acts in an appellate capacity and may not substitute its judgment for that of the probate court. Martin v. Vreeland, 526 So. 2d 24 (Ala. 1988). Where the evidence is presented ore tenus, the probate court's findings will not be disturbed on appeal unless they are plainly erroneous or manifestly unjust. Craig v. Perry, 565 So. 2d 171 (Ala. 1990).'

"Sanders v. Brooks, 611 So. 2d 336, 337-38 (Ala. 1992)."

Patterson v. Patterson, 765 So. 2d 8, 10-11 (Ala. Civ. App. 1999).

## Discussion

Bateman argues that the circuit court exceeded its discretion in reversing the probate court's order awarding her administrator-ad-litem fees. We agree.

7

Regarding compensation for administrators ad litem, § 43-2-256, Ala. Code 1975, provides:

> "Such administrator ad litem must be allowed for his services such compensation as the judge of probate or judge of the circuit court appointing him may direct, to be taxed and collected as part of the costs of the proceedings, either out of the estate represented by him, or out of the general fund administered therein or out of any party to the action who may be taxed therewith, as the court may direct."

Section 43-2-256 does not specify an hourly rate to be paid to administrators ad litem and does not set forth any factors for determining how much an administrator ad litem should be paid.

In this case, the probate court conducted a hearing at which Bateman testified. Although we do not have a transcript of that hearing, in its order dated December 20, 2019, the probate court explained in detail its reasoning for appointing Bateman and its reasoning for awarding her requested compensation in the case.

> "The rule is that where no testimony is contained in the record on appeal, a decree which recites that it was granted on pleadings, proofs and testimony will not be disturbed on appeal. Williams v. Clark, 263 Ala. 228, 82 So. 2d 295 [(1955)], 2 Ala. Dig., Appeal & Error [Key No.] 671(3). And it will be presumed that the evidence was sufficient to sustain the verdict, finding, judgment, or decree where all the evidence is not in the record. Williams v. Clark, supra; 2 Ala. Dig., Appeal & Error [Key No.] 907(4).

8

"A decree of the probate court will not be reversed if the evidence upon which it is made is not set forth, and there is no bill of exceptions, unless it appears in the decree that the court had no jurisdiction. Forrester v. Forrester's Adm'rs, 40 Ala. 557 [(1867) ]; McAlpine v. Carre, 203 Ala. 468, 83 So. 477 [ (1919) ]. ...

"The finding of the probate court, based on the examination of witnesses ore tenus, is presumed to be correct and will not be disturbed on appeal unless palpably erroneous. Cox v. Logan, 262 Ala. 11, 76 So. 2d 169 [(1954)], and cases there cited.

"We assume that the circuit court affirmed the decree of the probate court on the principles we have stated [above], and we have no alternative but to affirm the decree of the circuit court on the same authorities."

Davis v. Davis, 278 Ala. 328, 330, 178 So. 2d 154, 155 (1965).

"Under the ore tenus rule, when a trial court hears live testimony, its findings of fact are presumed correct and the resulting judgment will be reversed only if it is shown to be plainly or palpably wrong or against the preponderance of the evidence. Water Works & Sewer Bd. of Prichard[ v. Synovus Bank], 404 So. 3d [202,] 205 [(Ala. 2024)]. And an appellant cannot meet its burden of making that showing when a transcript of the evidentiary hearing -- or, if the transcript is unavailable, a 'statement of the evidence' that complies with Rule 10(d), Ala. R. App. P. -- is not included in the record on appeal. As our Court of Civil Appeals has succinctly explained, when '"'oral testimony is considered by the trial court in reaching its judgment and that testimony is not present in the record as either a transcript or Rule 10(d), [Ala]. R. [App]. P., statement, it must be conclusively presumed that the testimony [was] sufficient to support the judgment.'"' Cockrell v. Cockrell, 40 So. 3d 712, 717 (Ala. Civ. App. 2009) (citations omitted). In such instances, we must

9

affirm a trial court's judgment and have no need to address the merits of the appellant's underlying arguments. Id."

Island Girl Outfitters, LLC v. Allied Dev. of Alabama, LLC, [Ms. SC-2023-0561, Mar. 21, 2025] ___ So. 3d ___, ___ (Ala. 2025).

In this case, the circuit court was sitting as an appellate court.

"In Prestwood v. Prestwood, 395 So. 2d 8 (Ala. 1981), we held that 'section 12-22-20 ... allows an appeal to this court or to the circuit court. It does not allow a trial de novo, with jury, in the circuit court, as appellant contends.' Under these statutory provisions, an appeal to the circuit court should follow the same procedure as an appeal to this Court, i.e., the appeal should be conducted in the manner prescribed by the Alabama Rules of Appellate Procedure."

Martin v. Vreeland, 526 So. 2d 24, 25 (Ala. 1988) (footnote omitted).

The record in the circuit court did not include a transcript of the evidentiary hearing in the probate court, and the parties did not provide the circuit court with a statement of the evidence pursuant to Rule 10(d), Ala. R. App. P. Thus, the circuit court was required to conclusively presume that the testimony presented during that hearing was sufficient to support the probate court's order. Instead, the circuit court substituted its judgment for that of the probate court in reducing Bateman's compensation. Based on our examination of the record and

10

relevant statutes and caselaw, we conclude that the circuit court erred in reducing Bateman's compensation.

Conclusion

For the above-stated reasons, we reverse the circuit court's judgment and remand the case for proceedings that are consistent with this opinion.

REVERSED AND REMANDED.

Stewart, C.J., and Mendheim, McCool, and Lewis, JJ., concur.

Shaw, Sellers, and Cook, JJ., concur in the result.