ROBERTSON, Presiding Judge.
Following an ore tenus proceeding, the trial court denied the State Department of Human Resources (department) petition to terminate the father’s parental rights. The trial court found that the father had been caused to expend the sum of $750 for legal representation in the case. Therefore, the trial court ordered the department to pay the father $750 as compensation for his legal fees. Further, the trial court ordered the department to pay for the guardian ad litem’s fee. The department appeals.
On appeal, the department contends that the trial court erred in requiring the department to pay a non-indigent parent’s attorney’s fees, as well as the guardian ad litem’s fees.
The law concerning the award of attorneys fees in Alabama is well settled. Attorneys fees are recoverable only where authorized by statute or case law, when provided for in a contract, or by special equity, such as a proceeding where the efforts of an attorney create a fund out of which fees may be paid. Shelby County Commission v. Smith, 372 So.2d 1092 (Ala.1979).
Here, there was no statutory authority for the award of such attorneys fees against the department. The petition was not filed frivolously or without substantial justification; therefore, an award of attorneys fees under Ala.Code 1975, § 12-19-270 et seq., would not be available, nor can we find any case law which would support such an award. Further, there was no contract entered into by the department to pay for the father’s attorney’s fees or the guardian ad litem’s fees, and there was no equitable basis for such an award. We also note that the appellee did not suggest any legal basis for the award of attorneys fees, as he did not favor this court with a brief.
In view of the above, we find that the trial court erred in ordering the department to pay such fees, and its judgment is due to be reversed and the case remanded.
This case is due to be reversed and remanded to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
THIGPEN and RUSSELL, JJ., concur.