YATES, Judge.
The State Department of Mental Health and Mental Retardation appeals from the juvenile court’s determination that the Department should take custody of W.T.C., a minor. At issue is whether the trial court, after holding a probable cause hearing pursuant to § 12—15—90(f), Ala.Code 1975, erred in committing the minor to the custody of the Department.
On September 12, 1995, the mother of W.T.C. petitioned the court to commit W.T.C. pursuant to § 12-15-90, alleging that the child was mentally ill and that he had tried several times to kill himself — the most recent suicide attempt coming on September 10, 1995. She further alleged that confinement was necessary to prevent the child from causing substantial harm to himself and others and asked the court to commit him to Bryce Hospital for an indefinite period.
By order of September 12, 1995, the court confined W.T.C. to a local hospital, appointed an attorney for the mother and a guardian ad litem for the child, and set a date for a probable cause hearing. It further ordered that a copy of the petition and order be mailed to the Department, stating, “[S]aid Petition and Order shall constitute an application for admission to a facility maintained, operated or under the supervision or control of the Department of Mental Health.”
On September 19, 1995, after a probable cause hearing, the court ordered that the Riverbend Center for Mental Health maintain in its facility “for a temporary period” custody of W.T.C. It ordered the Department to recommend suitable placement for the child and to submit a proposal within 30 days, and it set a final hearing date for October 23, 1995. The next day, on September 20, the court amended its order to vest custody of the child in the Department. The Department appeals, contending that the trial court failed to comply with § 12—15—90(i), Ala.Code 1975, because, it says, the September 20 order does not enumerate the specific findings necessary to commit a child to the custody of the Department. The Department further contends that the court imper-missibly circumvented the civil commitment process and violated the constitutional doctrine of separation of powers as enumerated in the Ala. Const., §§ 42 and 43. The guardian ad litem contends that the court has sufficiently complied with the provisions of § 12-15-90.
After reviewing the record and the applicable statute, we conclude that the trial court erred in vesting custody of the child in the Department after the probable cause hearing. Section 12—15—90(f), Ala.Code 1975, states that a probable cause hearing shall be held in order for the court to determine whether “it [is] necessary to temporarily confine or restrain any minor or child, pending final hearing on a petition for commitment, in the custody of any person or persons or agency other than his parent or parents or legal guardian.” (Emphasis added.) In other woi’ds, the purpose of a probable cause hearing is solely to determine whether the child should be committed until the date of the final hearing, at which time the trial court will determine whether custody should actually be vested in the Department. The statute does not state that at the time of the probable cause hearing custody of a minor may be vested in the Department.
Although the word “agency” in the above-quoted passage might suggest that custody of a minor child could be placed in the Department at the time of the probable cause hearing, this interpretation is not borne out by the rest of the statute. Section 12—15—90(d)(3) states in part:
“Not less than 24 hours prior to the final hearing, [the Department] shall notify the district court whether adequate facilities are available for the minor or child and to which facility the minor or child should be sent if the district judge should determine that such minor or child is to be committed.”
It is evident that the Alabama legislature in enacting this statute did not contemplate a child’s custody being vested in the Department before the final hearing. In interpreting a statute, it is the court’s duty to ascertain and give effect to the legislative intent as-expressed by the words of that statute. Kimberly-Clark Corp. v. Eagerton, 445 So.2d 566 (Ala.Civ.App.1983).
*472 Additionally, the provisions of § 12-15-90(i) clearly state that custody of the minor shall not be vested in the Department until after the final hearing has taken place and the trial court has made certain specific findings. Section 12—15—90(i)(5) states in part, “Upon such findings, the court shall enter an order setting forth the findings and may order the person committed to the custody of the [Department].”
Clearly, at the time the trial court vested custody of W.T.C. in the Department, a final hearing regarding the petition to commit the child had not been held, and the requisite findings had not been made. We note that the September 20 amended order vesting custody set a final hearing date for October 28, 1995. Accordingly, we hold that the trial court erred in vesting custody in the Department before the final hearing. If, however, after a final hearing, the trial court finds by substantial evidence that W.T.C. should be committed, it may at that time vest custody of the child in the Department, setting forth its specific findings.
Because the issue of statutory compliance is dispositive, we find it unnecessary to discuss the constitutional issue. The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and CRAWLEY, J., concur.