Susan J. Garrett and Cathy J. Johnston appeal from an order taxing certain costs against them and in favor of Willene J. Whatley. We reverse.
Garrett and Johnston sued Whatley, seeking an accounting and other relief. After trial, the trial court entered a judgment in favor of Whatley, but did not award costs to either party. Whatley then moved to tax certain costs against Garrett and Johnston, including her accountant's fees of $2,640, her copying costs of $200, and her overnight courier costs of $21.75. Garrett and Johnson opposed this motion, contending, among other things, that the items Whatley claimed were not properly allowed as costs. Whatley later amended her motion to seek the $150 fee of her real estate appraiser. After taking the motion under advisement, the trial court granted this motion in part, awarding $2,371.75 in costs to Whatley. Garrett and Johnston filed a motion to vacate, alter, or amend, again challenging the propriety of the cost items; upon the trial court's denial of this motion, they appealed.
We note that taxation of costs under Rule 54(d), Ala.R.Civ.P., rests in the discretion of the trial judge, whose decision will not be reversed unless a clear abuse of discretion is shown. Vulcan Oil Co. v. Gorman, 434 So.2d 760,762 (Ala. 1983). We also note that a Rule 59, Ala.R.Civ.P., motion to alter, amend, or vacate is "the proper motion requesting the trial court to reconsider the taxing of costs,"City of Jasper Civil Serv. Bd. v. Schultz, 412 So.2d 818,818-19 (Ala.Civ.App. 1982), and that a party aggrieved by an award of costs may appeal the propriety of such an award, even where the merits of the underlying case are not before the appellate court. See City of Birmingham v. City of Fairfield,396 So.2d 692, 694 (Ala. 1981).
On appeal, Garrett and Johnston claim that the trial court abused its discretion by awarding fees for Whatley's expert witnesses. While the trial court did not itemize its award of costs, we readily discern that its cost award is based at least in part upon the accountant's fees and possibly the appraiser's fee, because the aggregate amount of the other items set forth in Whatley's amended cost motion is a mere $221.75. The award of costs exceeding that amount must necessarily represent compensation for the fees of her experts.
In Cooper v. Cooper, 57 Ala. App. 674, 331 So.2d 689, cert.denied, 331 So.2d 695 (Ala. 1976), this court noted that "[t]he court cannot award expert's fees as a matter of costs unless allowed by statute." 57 Ala. App. at 680, 331 So.2d at 694-95
(citing Hartley v. Alabama Nat'l Bank, 247 Ala. 651,25 So.2d 680 (1946)). Although we have allowed expert *Page 1392 
fees as a component of otherwise compensable attorney fees,see Cooper, 57 Ala. App. at 680, 331 So.2d at 695, and as an item of costs in workers' compensation actions pursuant to the authority of § 25-5-89, Ala. Code 1975, see Universal ForestProds. v. Ellenburg, 627 So.2d 395, 397 (Ala.Civ.App. 1992),aff'd in pertinent part by Ex parte Ellenburg, 627 So.2d 398
(Ala. 1993), we have recently reaffirmed and applied the above-quoted principle. In Davis v. Davis, 686 So.2d 1245
(Ala.Civ.App. 1996), we reversed a portion of a divorce judgment awarding expert fees as costs to the prevailing party, citingCooper and Hartley. 686 So.2d at 1249-50.
We have been directed to no statute that would support the award of any portion of the accountant's fees and the appraiser's fee in this action. Accordingly, on the authority of Davis, Cooper, and Hartley, we must conclude that the trial court abused its discretion in this case. Therefore, we reverse the trial court's award of costs and remand the cause for entry of an order disallowing these items.
REVERSED AND REMANDED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.
 *Page 21