BEATTY, Retired Justice.
On April 1,1998, L.M., the mother of C.H., a minor, filed a petition with the Dale Juvenile Court. The petition alleged that C.H. was “dependent in that he has special mental problems” and that the mother is “not able to take care of him or provide for him.”
The juvenile court appointed an attorney to represent the mother and a guardian ad litem to represent the minor child’s interests.
On May 5, 1998, the juvenile court held a hearing and issued an order, stating:
“In the best interest of the child, the child is declared to be dependent and has mental problems. The custody of the child is awarded to the Alabama Department of Mental Health and he is to be delivered to the Department of Mental Health on or before May 8, 1998. The parental rights to said child are reserved to his mother, [L.M.]. Mr. Rook, a contractee of the Department of Mental Health is present in court and has notice of this order.”
The Department of Mental Health and Mental Retardation (DMH/MR) filed a motion to alter, amend, or vacate. On May 12, 1998, DMH/MR appealed the May 5, 1998, order.
On May 14, 1998, C.H.’s guardian ad litem filed another petition with the juvenile court. The petition alleged that C.H. was presently residing at the Ramsey Youth Center (“Center”) and that the Center had advised L.M. that it planned to release C.H. on May 15, 1998, and that the Center would have an arrest warrant issued if L.M. did not pick up C.H. The petition further alleged that DMH/MR refuses to pick up C.H.
On May 15, 1998, the juvenile court held a hearing and issued an order, stating the following:
“ORDERED that [C.H.] remain at [the Center] located in Dothan, Alabama, until Monday, May 18, 1998. On that date, the Dale County Sheriffs officer or any other lawful officer will transport [C.H.] from [the Center] to Three Springs, located at 101 Madison Street, Courtland, Alabama.
“The local Multi-Needs Team is to transfer [C.H.’s] ease to the state Multi-Needs Team on this date.
“It is further ORDERED that the guardian ad litem ... be awarded a guardian ad litem fee of $500.00, taxed to [DMH/MR], Costs of court are hereby taxed against the [DMH/MR].”
On May 20, 1998, DMH/MR appealed the May 15, 1998, order. These two cases were consolidated for purposes of this appeal.
DMH/MR contends that the juvenile court impermissibly circumvented the civil commitment process when it failed to follow the procedures set forth in § 12-15-90, Ala. Code 1975, and committed C.H. to the custody of DMH/MR after the initial dependency hearing held on May 5,1998.
In In the Matter of W.T.C., a minor, 675 So.2d 470, 471-72 (Ala.Civ.App.1996), this court stated the following:
“After reviewing the record and the applicable statute [§ 12-15-90], we conclude that the trial court erred in vesting custody of the child in the Department after the probable cause hearing.... In other words, the purpose of a probable cause hearing is solely to determine whether the child should be committed until the date of the final hearing, at which time the trial court will determine whether custody should actually be vested in the Department. The statute does not state that at the time of the probable cause hearing custody of a minor may be vested in the Department.
“... It is evident that the Alabama legislature in enacting this statute did not contemplate a child’s custody being vested in the Department before a final hearing. In interpreting a statute, it is the court’s duty to ascertain and give effect to the legislative intent as expressed by the words of that statute.
“Additionally, the provisions of § 12-15-90(i) clearly state that custody of the minor shall not be vested in the Department until after the final hearing has taken place and the trial court has made certain specific findings. Section 12 — 15—90(i)(5) states in part, ‘Upon such findings, the court shall enter an order setting forth the findings *1279 and may order the person committed to the custody of the [Department].’
“Clearly, at the time the trial court vested custody of W.T.C. in the Department, a final hearing regarding the petition to commit the child had not been held, and the requisite findings had not been made.... Accordingly, we hold that the trial court erred in vesting custody in the Department before the final hearing. If, however, after a final hearing, the trial court finds by substantial evidence that W.T.C. should be committed, it may at that time vest custody of the child in the Department, setting forth its specific findings.”
(Citations omitted.)
In light of the foregoing, we conclude that the juvenile court committed reversible error when it committed C.H. to the custody to DMH/MR after the initial dependency hearing. Consequently, the juvenile court’s order of May 5, 1998, is reversed and the cause remanded for proceedings consistent with this opinion.
DMH/MR also contends that the juvenile court improperly taxed the guardian ad litem fee against DMH/MR and that such portion of the May 15, 1998, order should be reversed. We find no statute that authorizes the juvenile court to tax the guardian ad litem fee against DMH/MR. The payment for such a fee is now governed by § 15-12-21(b) and (e), Ala.Code 1975. Section 15-12-21(b) authorizes the appointment of counsel in a “judicial proceeding in which a juvenile is a party,” and § 15-12-21(e) outlines the procedure to be followed for counsel to obtain payment. Lewis v. Hitt, 370 So.2d 1369 (Ala.1979), has been modified by 1981 Ala. Acts No. 81-717. Consequently, that portion of the juvenile court’s order of May 15, 1998, directing that the guardian ad litem fee be taxed to DMH/MR is reversed and the cause remanded for proceedings consistent with this opinion.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
All the judges concur.