Jimmy R. Ennis and Brent Ennis, the defendants in an assault-and-battery action, appeal from an order taxing "court costs" to Bradford M. Kittle, the plaintiff. We reverse the trial court's order and remand for retaxation of costs.
Kittle brought an action against the Ennises in May 1997, alleging that the Ennises had assaulted and battered him. On May 13, 1998, more than 15 days before trial, the Ennises tendered Kittle an offer of judgment, pursuant to Rule 68, Ala.R.Civ.P., in which they offered to allow the entry of a judgment against them in the amount of $10,000. Kittle did not accept this offer within 10 days, and it was thereby rejected as a matter of law pursuant to Rule 68. After a jury trial resulted in the entry of a judgment awarding Kittle $5,633 plus costs, the Ennises filed a motion requesting that Kittle be compelled to pay $1,181.50, an amount that, they claimed, represented all costs they had incurred after they served their offer of judgment. Kittle timely filed a motion for a new trial, and also moved for taxation of additional costs against the Ennises.
After a hearing, the trial court entered an order on October 30, 1998, denying Kittle's post-judgment motion and overruling his motion for additional costs; however, it altered its earlier judgment by re-taxing all costs to Kittle, the prevailing party, rather than the Ennises. Within 30 days, the trial court entered two orders clarifying its October 30, 1998, order.[1] The first of these states that "the costs referred to in the order of 10/30/98 are the costs, allowed by law, of this action," and mandates that "any costs unpaid upon filing shall be deducted from the award herein." However, the trial court's second clarifying order, dated November 19, 1998, indicates that the parties' "[m]otions for all additional costs are overruled," and that "[o]nly court costs are included . . . which are taxed to [Kittle]" (emphasis added).
The Ennises contend that the second clarifying order is erroneous, and that they are entitled to costs above and beyond "court costs." Kittle contends that the Ennises are not entitled to all costs that they claim to have incurred.
In civil litigation, "the usual rule is to tax the costs in favor of the prevailing party." Merchants Nat'l Bank v. Cowley, 265 Ala. 125, 135, 89 So.2d 616, 625 (1956). To like effect is Rule 54(d), Ala.R.Civ.P., which provides that "[e]xcept where express provision therefor is made in a statute, costs shall be allowed as of course to the prevailing party unless the court otherwise directs" (emphasis added). Although costs are generally taxed to the losing party, the trial court has authority to use its discretion to allocate costs differently, Harford v. Harford,608 So.2d 1370, 1372 (Ala.Civ.App. 1992), and its decision "will not be reversed unless a clear abuse of discretion is shown." Garrett v. Whatley, *Page 1092 694 So.2d 1390, 1391 (Ala.Civ.App. 1997) (citing Vulcan Oil Co. v. Gorman, 434 So.2d 760, 762 (Ala. 1983)).
Rule 68, Ala.R.Civ.P., provides that if the offeree of an offer of judgment rejects the offer, but later obtains a judgment that "is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer" (emphasis added). "[T]he language of the rule is mandatory." Atkinson v. Long, 559 So.2d 55, 58 (Ala.Civ.App. 1990). As a noted commentator on the analogous Rule 68, Fed.R.Civ.P., has observed, this provision limits the customary discretion afforded to the trial court with respect to cost allocation where an offer of judgment has been rejected:
 "Once Rule 68 comes into play because a plaintiff has rejected an offer of judgment and obtained a less favorable judgment, the court retains no discretion to disregard the rule's cost-shifting consequences, which are mandatory. Plaintiff therefore cannot recover otherwise awardable costs incurred after the date of the offer, and it also must pay the defendant's costs incurred after that date."
12 Charles A. Wright et al., Federal Practice Procedure, § 3006 (2d ed. 1997); accord, 13 Moore's Federal Practice, § 68.08[1] (3d ed. 1998).
The question thus arises of what costs are "otherwise awardable" in this action. According to Professor Wright, "the costs recoverable under Rule 68 are defined in the same way costs are customarily defined; the rule does not provide an independent warrant for recovery of other costs." 12 Federal Practice 
Procedure, supra, at § 3006. Under federal authority, the costs awardable pursuant to Rule 68, Fed.R.Civ.P., are specified in28 U.S.C. § 1920, the general federal cost-taxation statute, and are precisely the same as would be awardable under Rule 54(d), Fed.R.Civ.P.; these costs include fees of the clerk and marshal, court reporter's fees, printing and witness fees, copies of papers, docketing fees, and compensation of court-appointed experts and interpreters. Parkes v. Hall, 906 F.2d 658, 659 (11th Cir. 1990); see also Knight v. Snap-On Tools Corp., 3 F.3d 1398,1404 (10th Cir. 1993).
The Alabama Code, unlike the U.S. Code, does not contain a single statutory provision outlining permissible cost items. By way of example, we note that the Code allows for, among other things, the taxation of witness fees (§§ 12-19-131 and 12-19-134, Ala. Code 1975) and the costs of any deposition introduced into evidence at the trial by the party taking it (§ 12-21-144, Ala. Code 1975). However, various appellate opinions have held that certain other expenses are taxable as costs at the conclusion of an action. See, e.g., Ex parte Strickland, 401 So.2d 33, 34-35
(Ala. 1981) (approving taxation of costs of depositions not used at trial); Lewis, Wilson, Lewis Jones, Ltd. v. First Nat'l Bank,435 So.2d 20, 23 (Ala. 1983) (travel expenses, copying costs, and filing fees are expenses and cost items appropriate for reimbursement); Smith v. Smith, 482 So.2d 1172, 1175 (Ala. 1985) (survey costs properly taxed); cf. Lawyers Surety Corp. v. Whitehead, 719 So.2d 824, 832 (Ala.Civ.App. 1997) (guardian ad litem fees taxable), aff'd in pertinent part, 719 So.2d 833 (Ala. 1998); but see Atkinson, 559 So.2d at 58 (attorney fees are not taxable costs).
In this case, the trial court's initial order taxed all costs in this action to the plaintiff, Kittle. Its first clarification of that order indicates that the costs it awarded to the Ennises were "the costs, allowed by law, of this action." These orders are consistent with the trial court's discretion, pursuant to Rule 54(d), Ala.R.Civ.P., to tax all costs, not just post-offer-of-judgment costs, to Kittle, and they therefore do not contravene Rule 68, which, as we have noted, does not enlarge the definition of "costs" taxable under Rule 54(d). *Page 1093 
However, the trial court's second clarification appears to limit its cost award to the Ennises; it specifies that "[o]nly court costs are included" under its earlier order taxing costs. The insertion of the word "court" before "costs," after the trial court had previously indicated its intent to award all costs "allowed by law," appears to narrow the scope of the cost award to only those expenses the parties incurred that were paid directly to the trial court clerk, e.g., for obtaining witness subpoenas. To that extent, the trial court's order, as clarified, does not comply with Rule 68, which mandates that the Ennises be awarded all of the costs that they incurred after the date of the rejected offer of judgment, whether the costs were paid to the trial court clerk or not. While the trial court may, in its discretion, tax to Kittle all costs incurred by all parties to the action, including "court costs," it must tax to Kittle all costs that the Ennises incurred after May 13, 1998.
We therefore reverse the October 30, 1998, order of the trial court, as clarified by its November 19, 1998, order, and remand the cause for further proceedings. The trial court is instructed, on remand, to determine what portions of the cost amount claimed by the Ennises (1) represent items that are properly taxable under the common law and statutes of this state, and (2) were incurred after May 13, 1998, and to tax those portions to Kittle.
REVERSED AND REMANDED.
Yates, Monroe, Crawley, and Thompson, JJ., concur.
[1] Pursuant to Rule 59, Ala.R.Civ.P., a trial court may amend a judgment on its own motion within 30 days after it enters a judgment, and an amended judgment will itself support a motion to amend. See Ex parte Owen, 420 So.2d 80 (Ala. 1982); Ex parte Mutual Sav. Life Ins. Co., 765 So.2d 649 (Ala. 1998).