MURDOCK, Judge.
This case concerns the proper interpretation of Rule 68, Ala. R. Civ. P., which provides, in pertinent part:
“At any time more than fifteen (15) days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within ten *402 (10) days after the service of the offer, the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.” (Emphasis added.)
Melissa Renee Honeycutt (“Honeycutt”), a minor acting by and through her legal guardians, Barbara and Jimmy Martin, brought a civil action against William Richard Sherman in the Shelby County Circuit Court seeking damages based on injuries she alleges she had suffered in an automobile collision.[1] Pursuant to Rule 68, Ala. R. Civ. P., Sherman offered to allow a judgment to be taken against him “for a total amount of $12,000, with costs now accrued.” Honeycutt accepted the offer by tendering a document styled “Acceptance of Offer of Judgment,” and she itemized, in an exhibit attached to that document, certain items and associated dollar amounts (totaling $560.12) that she claimed as costs. Sherman objected to Honeycutt’s itemization of costs and requested that the trial court determine the meaning of “accrued costs” under Rule 68.
Because the settlement concerned a minor’s claim, a guardian ad litem was appointed and the court held a hearing to determine, among other things, whether the settlement was in the best interest of Honeycutt (see generally Large v. Hayes, 534 So.2d 1101 (Ala.1988) (noting the special nature of an attempted settlement of a minor’s claim)). At that hearing, the trial court invited the parties to submit briefs and authorities as to what constituted “costs” under Rule 68, Ala. R. Civ. P. Honeycutt submitted a short brief, citing Ennis v. Kittle, 770 So.2d 1090 (Ala.Civ.App.1999), and attached a revised exhibit of claimed costs that included an additional $500 charge for a physician’s “witness fee” that had not been included in her original list of claimed “costs” attached to her written acceptance. The trial court thereafter entered a judgment approving the proposed settlement, but declined to award Honeycutt costs “in addition to those costs as shown on the fee sheet of the Case Action Summary.” Honeycutt appeals.
In Ennis, this court considered a defending party’s right to costs arising after a rejection of an offer of judgment made under Rule 68. The portion of Rule 68 pertinent in Ennis was its provision that if the offeree of an offer of judgment rejects the offer, but later obtains a judgment that “is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer” (emphasis added). In Ennis, the trial court’s judgment, as amended, limited the defendants to “court costs,” a phrase that we said “appear[ed] to narrow the scope of the cost award to only those expenses the parties incurred that were paid directly to the trial court clerk, e.g., fees for obtaining witness subpoenas.” 770 So.2d at 1093. However, after reviewing authorities discussing the federal counterpart of Rule 68, as well as precedents governing what costs could be taxed under Alabama law at the conclusion of a civil action, and after acknowledging the usual discretion a trial court has in taxing costs under Rule 54(d), Ala. R. Civ. P., we concluded in Ennis that Rule 68 mandated that the offerors “be awarded all of the costs that they incurred after the date of the rejected offer of judgment, whether the costs were paid to the trial court clerk or not.” 770 So.2d at 1093.
In this case, the trial court has limited Honeycutt to costs “as shown on the fee *403 sheet of the Case Action Summary,” i.e., sums initially paid to the circuit clerk. However, Ennis stands for the proposition that a party who is entitled to recover costs under the mandatory language of Rule 68 is entitled to recover all properly taxable[2] costs, regardless of whether they were paid to the trial court clerk. Here, Honeycutt was offered a judgment in her favor under the terms of Rule 68, which specifies that the offer shall be made “with costs then accrued,” and she accepted an offer that expressly included “costs now accrued.” We have found no authority, and Sherman has cited none, for the proposition that a trial court may contravene Rule 68 in awarding costs in the case of an accepted, offer of judgment any more than it may do so in the case of a rejected offer. As we reversed the judgment in Ennis, we must reverse the judgment of the trial court in this case, remand the cause for further proceedings, and direct that court on remand “to determine what portions of the cost amount claimed by [Honeycutt] represent items that are properly taxable under the common law and statutes of this state.” 770 So.2d at 1093.[3]
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.

. Robert Keith Honeycutt, Sr., originally joined in the action as a plaintiff, but his claims were dismissed, and he is not a party to this appeal.

. Of course, we have also recognized that a party "can recover only those costs that were incurred as a necessary expense to the defense of the action,” Goree v. Shirley, 765 So.2d 661, 664 (Ala.Civ.App.2000), a principle that by analogy would apply to expenses necessary to the prosecution of an action.

. For the possible guidance of the trial court on remand, we note that Ennis itself lists a number of categories of recoverable "costs,” such as costs of depositions and of copying, but does not list expert-witness fees as "costs” because such fees are not taxable in the absence of statutory authority. See Garrett v. Whatley, 694 So.2d 1390 (Ala.Civ.App.1997).