The State Department of Human Resources[1] ("DHR") appeals from a judgment awarding, as part of an award of costs, an attorney fee of $1,261 to the guardian ad litem ("GAL") and $1,000 as a "commission to defray overhead and expenses of the conservator," and directing that both of these fees be paid by DHR.
This matter was initiated when Aaron Harris notified DHR that his stepmother, Inez Harris, lived alone, that she suffered from dementia, and that she was in need of adult protective services. A DHR social worker visited Ms. Harris's home, determined that Ms. Harris was in need of 24-hour care, and filed a report summarizing her conclusions. Accordingly, on May 14, 2001, DHR petitioned the probate court to establish a conservatorship, alleging that Ms. Harris was incapacitated and seeking both the appointment of a conservator to make decisions regarding Ms. Harris's finances and the appointment of a GAL to represent Ms. Harris's interests during the proceedings. On that same date, the probate court appointed a GAL, who filed a report recommending that a conservator be appointed. After a hearing, the probate court entered a judgment on July 6, 2001, granting the petition conditioned upon thepayment by DHR of the sum of $1,000 as fees and as a commission to the conservator. DHR filed a postjudgment motion, pursuant to Rule 59, Ala.R.Civ.P., contending that the probate court lacked authority to order DHR to pay the conservator's fees and commission or to make payment of the fees and commission a condition of the appointment of a conservator. The probate court held a hearing on the postjudgment motion and thereafter vacated its July 6, 2001, judgment. The probate court entered an amended judgment on August 21, 2001, appointing a conservator and taxing as costs against DHR the GAL's fee of $1,261, plus expenses and a "commission" in the amount of $1,000 to be used to *Page 820 
defray the overhead costs and expenses of the conservator. DHR appealed to the supreme court; that court transferred the appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
Our review of an award of costs by a probate court is limited to determining whether the probate court abused its discretion. LawyersSurety Corp. v. Whitehead, 719 So.2d 824 (Ala Civ. App. 1997), rev'd onother grounds, 719 So.2d 833 (Ala. 1998).
Alabama follows the "American Rule" regarding the award of an attorney fee; that rule provides for the recovery of an attorney fee if a fee is allowed by statute, by the terms of a contract, or by a "special equity."See Eagerton v. Williams, 433 So.2d 436, 450 (Ala. 1983). The special-equity exception has been invoked, for example, when an attorney's efforts created a common fund out of which the fee may be paid. City ofOzark v. Trawick, 604 So.2d 360 (Ala. 1992). Rule 54(d), Ala.R.Civ.P., provides that "[e]xcept when express provision therefor is made in a statute, costs shall be allowed as of course to the prevailing party unless the court otherwise directs, and this provision is applicable in all cases in which the state is a party plaintiff in civil actions as in cases of individual suitors." Under Rule 54(d), Fed.R.Civ.P., the term "costs" encompasses "fees of the clerk and marshal, court reporter's fees, printing costs and witness fees, costs for copies of papers, docketing fees, and compensation of court-appointed experts and interpreters." Ennis v. Kittle, 770 So.2d 1090, 1092 (Ala.Civ.App. 1999). See also Parkes v. Hall, 906 F.2d 658, 659 n. 3 (11th Cir. 1990) (citing 28 U.S.C. § 1920); see also Knight v. Snap-On Tools Corp.,3 F.3d 1398, 1404 (10th Cir. 1993).
As this court noted in Ennis, 770 So.2d at 1092, "[t]he Alabama Code, unlike the United States Code, does not contain a single statutory provision outlining permissible cost items." We note, for example, "that the [Alabama] Code allows for, among other things, the taxation of witness fees (§§ 12-19-131 and 12-19-134, Ala. Code 1975) and the costs of any deposition introduced into evidence at the trial by the party taking the deposition (§ 12-21-144, Ala. Code 1975)." 770 So.2d at 1092.
Ennis noted that the Alabama supreme court has held that certain other expenses are taxable as costs at the conclusion of an action. Items such as the costs of depositions that were not used at trial (Ex parteStrickland, 401 So.2d 33, 34-35 (Ala. 1981)); travel expenses, copying costs, and filing fees (Lewis, Wilson, Lewis Jones, Ltd. v. FirstNat'l Bank, 435 So.2d 20, 23 (Ala. 1983)); and survey costs (Smith v.Smith, 482 So.2d 1172, 1175 (Ala. 1985)) have all been held to qualify as "costs" that may be awarded under Rule 54(d), Ala.R.Civ.P.
In Lawyers Surety Corp., successor conservators of an estate sued a former conservator and the former conservator's surety, seeking to recover losses for an alleged breach of fiduciary duty. 719 So.2d 824
(Ala.Civ.App. 1997), rev'd on other grounds, 719 So.2d 833 (Ala. 1998). This court affirmed a probate court's judgment awarding an attorney fee and a fee to a GAL and directing the surety company to pay those fees.Lawyers Surety Corp., 719 So.2d at 831-32. This court relied on the special-equity doctrine to affirm those awards, reasoning that the services provided by the GAL had benefited the estate by enhancing its value; therefore, an award of costs and an attorney fee was proper.Lawyers Surety Corp., 719 So.2d at 832. This court further held that the portion of the judgment directing Lawyers Surety, rather than the estate, to pay those fees and costs was also proper because of the discretionary nature of the allowance of *Page 821 
items such as litigation costs and counsel fees; we held that "where an allowance is made, to whom it is made, and who pays it, depend upon factors such as who benefits from the litigation, the outcome of the litigation, and the necessity for the litigation." Lawyers Surety Corp., 719 So.2d at 832.
In the present case, there is no prevailing party because a petition seeking to establish a conservatorship is not a true adversary proceeding, but is, instead, a protective proceeding for those who qualify for such protection under the Alabama Uniform Guardianship Act. Further, the value of Ms. Harris's estate was not enhanced, as was the value of the estate in Lawyers Surety Corp., but was merely structured for sound management and preservation by the appointment of a conservator.
In McCallie v. McCallie, 660 So.2d 584 (Ala. 1995), the probate court entered an order determining that the establishment of a conservatorship was not required because a son of the alleged incapacitated person held a durable power of attorney and was performing all the duties a conservator would perform for the incapacitated person; in its judgment, the probate court awarded an attorney fee to the son who held the power of attorney and directed that the fee be paid by the petitioner, another son of the alleged incapacitated person. The Supreme Court reversed that portion of the judgment awarding the attorney fee, stating that the probate court had no legal basis on which to award the attorney fee. In reaching its conclusion, the McCallie court relied upon Ala. Code 1975, §26-2A-142(a), which provides in pertinent part:
 "If not otherwise reasonably compensated for services rendered, any court representative, attorney, physician, conservator, or special conservator appointed in a protective proceeding and any attorney whose services resulted in a protective order or in an order that was beneficial to a protected person's estate is entitled to reasonable compensation from the estate. . . ."
McCallie implied that if such a fee was awarded, it should be paid from the estate pursuant to § 26-2A-142(a), Ala. Code 1975. 660 So.2d at 588.
Rule 17(d), Ala.R.Civ.P., governs the award of a GAL fee in those cases in which a GAL is required. We conclude that Rule 17(d) is not applicable in the present case because § 26-2A-135(b), Ala. Code 1975, does notrequire that a court appoint a GAL for an allegedly incapacitated person. Section 26-2A-135(b) provides in pertinent part: "Unless the person to be protected has chosen counsel, the court shall appoint an attorney to represent the person who may be granted the powers and dutiesof a guardian ad litem." (Emphasis added.) Because the trial court is not required to grant the powers of a GAL to counsel appointed to represent a person to be protected, the "requirement" condition of Rule 17(d) is not invoked and, thus, Rule 17(d) does not govern the payment of an attorney fee for either the conservator or the GAL representing a person allegedly in need of protection in a conservatorship proceeding.
We therefore look to the provisions of the Uniform Guardianship Act to determine how the fees for those persons appointed as conservator and guardian ad litem should be awarded and from what source those fees should be paid. Section 26-2A-142(a), Ala. Code 1975, the statute relied upon in McCallie, supra, provides that "any court representative, attorney, physician, conservator, or special conservator appointed in a protective proceeding and any attorney whose services resulted in a protective order . . . is entitled to *Page 822 
reasonable compensation from the estate." (Emphasis added.) Section26-2A-142(a) also provides that the estate of the person to be protected shall reimburse the conservator for bond premiums and court costs. Id.
We find the facts of this case to be closely analogous to the facts presented in In re C.H., 723 So.2d 1277 (Ala.Civ.App. 1998). In that case, the probate court entered a judgment adjudicating a minor to be dependent, transferring custody of the minor to the Department of Mental Health and Mental Retardation and taxing the GAL fee against the Department. On appeal, this court held that the probate court had no legal basis for taxing the GAL fee against the Department, noting that the applicable statute, § 15-12-21(e), Ala. Code 1975, provides a procedure for the GAL to follow to obtain payment and that the statute provides that the state treasurer pay the fee. In re C.H., 723 So.2d at 1279.
We conclude that the probate court erred in directing DHR to pay the fees for the GAL and the conservator because § 26-2A-142(a) governs the payment of fees for a GAL and a conservator and also governs the reimbursement of court costs and bond premiums. As we have noted, that statute provides that those fees are properly paid from the estate of the person to be protected.
The probate court's judgment also provided for the conservator's overhead expenses to be paid by DHR. Section 15-12-21(d), Ala. Code 1975, has been construed to provide for overhead expenses to be paid to counsel appointed for indigent criminal defendants and for certain juvenile defendants when approved in advance by a trial court. May v.State, 672 So.2d 1307 (Ala.Crim.App. 1993), writ quashed, 672 So.2d 1310
(Ala. 1995); but see Lyons v. Norris, 829 So.2d 748, 751 n. 1 (Ala. 2002) (in which a plurality suggests that 1999 amendment to § 15-12-21
eliminated overhead-expense reimbursement). However, § 15-12-21(d) does not provide for overhead expenses to be paid to a GAL or conservator in an adult protective proceeding, and we have been directed to no authority that would allow for the probate court to direct such payments to be made.
That portion of the August 21, 2001, judgment directing DHR to pay the fee for the GAL and the fee and expenses of the conservator is reversed and the cause is remanded to the probate court for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
YATES, P.J., and THOMPSON and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.
[1] The county departments of human resources serve as agents of the State Department of Human Resources; the State Department is empowered to designate the county as its agent and to assist the counties in their various duties when necessary. See § 38-6-2, Ala. Code 1975; Admin. Rules 660-1-2-.01(g) and 660-1-2-.02. In the present case, Jefferson County Department of Human Resources filed the petition and served as petitioner until its postjudgment motion was denied. Both the State Department of Human Resources and the Jefferson County Department of Human Resources joined in filing the notice of appeal. Because the distinction between the two departments has no bearing on the result reached and for ease of reading, we will refer to both the State Department of Human Resources and the Jefferson County Department of Human Resources collectively as DHR.