THOMPSON, Presiding Judge.
 

 This matter was initiated when J.H. (“the father”) filed in the DeKalb Circuit Court (“the trial court”) an action seeking to modify custody of his two minor children born of his marriage to A.J.M. (“the mother”). The father sought an award of emergency custody of the children, citing a concern that the children had been sexually abused while in the mother’s care. The trial court awarded the father pendente lite custody of the children.
 

 Subsequently, in June 2009, the trial court awarded pendente lite custody of the children to the DeKalb County Department of Human Resources (“DHR”), and it ordered the parents to pay child support to DHR.
 

 Also in June 2009, the trial court appointed Stephen P. Bussman as guardian ad litem to represent the children. The trial court later granted a motion to intervene filed by DHR, and DHR moved to have the father held in contempt for his failure to pay child support as required by the pendente lite order.
 

 The trial court conducted a hearing on the merits. After presenting several hours of testimony, the parties reached an agreement, and, on June 23, 2010, the trial court entered a judgment incorporating the terms of that settlement agreement. In its June 23, 2010, judgment, the trial court awarded the mother custody of the children, awarded the father certain specified visitation, and denied DHR’s motion to have the father held in contempt.
 

 On August 13, 2010, Bussman filed a motion seeking an award of an attorney fee for services he provided on behalf of the children.
 
 [1]
 
 Four days later, the trial court entered an order granting Buss-man’s motion and awarding Bussman $4,000 as a guardian ad litem fee; the order specified that that fee was to be paid by DHR. On August 24, 2010, DHR filed an “objection” to Bussman’s motion. We note that, at the hearing on DHR’s “objection,” DHR’s attorney stated that she had not received the August 17, 2010, order. In response, the trial court stated that it considered DHR’s “objection” to be a post-judgment motion;
 
 [2]
 
 accordingly, this court also treats DHR’s August 24, 2010, “objection” as a postjudgment motion. After receiving arguments, the trial court denied DHR’s motion. DHR timely appealed. DHR argues that the trial court had no jurisdiction to order it, as an agency of the state, to pay an attorney fee to Bussman. Bussman did not favor this court with a brief on appeal.
 

 In
 
 State Department of Human Resources v. L.P.,
 
 586 So.2d 19 (Ala.Civ.App. 1991), this court held that DHR may not be compelled to pay the attorney fees for a
 
 *897
 
 nonindigent parent or for the guardian ad litem. The court explained:
 

 “The law concerning the award of attorneys fees in Alabama is well settled. Attorneys fees are recoverable only where authorized by statute or case law, when provided for in a contract, or by special equity, such as a proceeding where the efforts of an attorney create a fund out of which fees may be paid.
 
 Shelby County Commission v. Smith,
 
 372 So.2d 1092 (Ala.1979).
 

 “Here, there was no statutory authority for the award of such attorneys fees against the department. The petition was not filed frivolously or without substantial justification; therefore, an award of attorneys fees under Ala.Code 1975, § 12-19-270 et seq., would not be available, nor can we find any case law which would support such an award. Further, there was no contract entered into by the department to pay for the father’s attorney’s fees or the guardian ad litem’s fees, and there was no equitable basis for such an award. We also note that the appellee did not suggest any legal basis for the award of attorneys fees, as he did not favor this court with a brief.”
 

 State Dep’t of Human Res. v. L.P.,
 
 586 So.2d at 20.
 

 In this case, the action before the trial court was one for modification of the custody provision of a divorce judgment. The award of the fee to the guardian ad litem was not provided for by contract, it is not authorized by statute, and there is no argument before this court that the award was warranted on an equitable basis.
 
 State Dep’t of Human Res. v. L.P.,
 
 supra. Although pendente lite custody of the children was awarded to DHR for some period, there is no indication in the record on appeal that this matter was transferred to the juvenile court as a dependency action so as to allow the guardian ad litem to be paid by the state treasurer pursuant to § 15-12-21, Ala.Code 1975.
 
 See In re C.H.,
 
 723 So.2d 1277, 1279 (Ala.Civ.App. 1998) (reversing a judgment ordering DHR to pay a guardian ad litem’s fee when § 15-12-21 set forth a procedure by which the guardian ad litem could seek payment for his services from the state treasurer), and
 
 State Dep’t of Human Res. v. Estate of Harris,
 
 857 So.2d 818 (Ala.Civ. App.2002) (reversing a judgment that, among other things, ordered DHR to pay a guardian ad litem fee, when § 26-2A-142, Ala.Code 1975, set forth the procedure by which the guardian ad litem could seek fees under the facts of that case).
 

 Further, as DHR points out in its brief submitted to this court, an award such as the award of the guardian ad litem’s fee at issue in this matter is barred by Art. I, § 14, Ala. Const.1901.
 
 [3]
 

 Haley v. Barbour County,
 
 885 So.2d 783, 788-89 (Ala.2004);
 
 see also Ex parte Town of Loumdesboro,
 
 950 So.2d 1203, 1214 (Ala.2006) (vacating that part of a judgment requiring the Alabama Department of Environmental Management to pay an attorney fee because it violated Art. I, § 14, Ala. Const.1901); and
 
 State v. Pullman-Standard Car Mfg. Co.,
 
 235 Ala. 493, 501, 179 So. 541, 547 (1938) (“No judgment is rendered for the costs of the trial in the circuit court, since no judgment can be rendered against the state.” (citing
 
 Collier v. Powell,
 
 23 Ala. 579 (1853), and Ala. Const.1901, Art. I, § 14));
 
 c.f. State v. Inman,
 
 239 Ala. 348, 195 So. 448 (1940) (noting that although the State, as a defendant, may not be ordered to pay costs of a legal action, when the State is a
 
 *898
 
 plaintiff and the judgment is adverse to the State, costs may be taxed).
 

 Under the facts of this case, the trial court lacked authority to order DHR to pay the guardian ad litem’s fees. Accordingly, we reverse the trial court’s judgment and remand the cause for the entry of a judgment consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . The trial court’s failure to award Bussman an attorney fee did not affect the finality of its June 23, 2010, judgment.
 
 R.J.G. v.
 
 S.S.W., 42 So.3d 747, 750 n. 1 (Ala.Civ.App.2009); and
 
 Edwards v. Edwards,
 
 999 So.2d 939, 941 (Ala. Civ.App.2008).
 

 [2]
 

 . The trial court also indicated that the issue of an award of an attorney fee to Bussman had been raised before it entered its June 23, 2010, judgment on the merits.
 

 [3]
 

 . The State Department of Human Resources and the county departments of human resources are state agencies for the putposes of sovereign immunity.
 
 Ex parte Franklin County Dep’t of Human Res.,
 
 674 So.2d 1277, 1279 (Ala. 1996).