74 So.3d 958 (2011)
CALHOUN COUNTY DEPARTMENT OF HUMAN RESOURCES
v.
Wesley FRYE, as guardian and conservator of Dorothy Ann Wilkinson, an incapacitated person.
Calhoun County Department of Human Resources
v.
Wesley Frye, as guardian and conservator of Velma Harris, an incapacitated person.
2100403 and 2100404.
Court of Civil Appeals of Alabama.
June 24, 2011.
*959 Sharon E. Ficquette, chief legal counsel, and Kimberly J. Dobbs, asst. atty. gen., Department of Human Resources, for appellant.
Submitted on appellant's brief only.
MOORE, Judge.
In case no. 2100403, the Calhoun County Department of Human Resources ("DHR") appeals from a judgment of the Calhoun Circuit Court ("the trial court") awarding Wesley Frye, a lawyer who had been appointed as the guardian and conservator of Dorothy Ann Wilkinson, an incapacitated person, payment for his "time, effort, and expenses" in civil action number CV-10-37; the trial court taxed the amount as "costs" to DHR. In case no. 2100404, DHR appeals from a judgment of the trial court awarding Frye, who had been appointed as the guardian and conservator of Velma Harris, an incapacitated person, payment for services and expenses provided by him to Harris; the trial court taxed those fees and expenses as "costs" to DHR.

Case no. 2100403
On February 3, 2010, DHR petitioned the trial court to initiate a guardianship and conservatorship of Wilkinson. DHR asserted that, because of mental and physical infirmities, Wilkinson was in need of protection and that she had no guardian, relative, or other appropriate person available to protect and supervise her. The trial court appointed a guardian ad litem to represent Wilkinson's interest during the proceedings. After a hearing, the trial court granted DHR's petition and, on April 13, 2010, appointed Frye as Wilkinson's guardian and conservator. In its order, the trial court indicated that the costs of the proceeding would be taxed against Wilkinson's estate. The trial court further indicated that the previously appointed guardian ad litem was entitled to a fee of $202.50 for services rendered, to be taxed against Wilkinson's estate.
On September 29, 2010, Frye moved the trial court to approve payment to him of $6,706 in fees and expenses, which, he asserted, he had incurred in his role as Wilkinson's guardian and conservator. He submitted billing statements indicating that he was seeking payment for the time he had spent engaged in, among others, telephone discussions with employees at Wilkinson's nursing home and the routine handling of her bills and other day-to-day matters involving Wilkinson's affairs.
On that same date, the trial court granted Frye's motion, taxing costs to DHR in the amount of $6,706. On October 14, 2010, Frye submitted a request to the trial court for an award of additional funds with which he could pay the guardian ad litem's bill for $202.50 for services rendered; Frye represented to the trial court that he had been "informed there are insufficient assets in Miss Wilkinson's estate to pay the fee of $202.50 ordered by this Court." As a result, Frye requested that the trial court order payment of those fees by DHR. On October 20, 2010, "for good cause shown," the trial court ordered DHR to pay the guardian ad litem's fee of $202.50.
On October 25, 2010, DHR moved the trial court to alter, amend, or vacate its *960 orders requiring DHR to pay Frye's fees and expenses and the $202.50 to the guardian ad litem. That motion was deemed denied by operation of law. DHR timely filed its notice of appeal with this court.

Case no. 2100404
On March 28, 2010, DHR petitioned the trial court to initiate a guardianship and conservatorship of Velma Harris. After appointing a guardian ad litem to represent the interests of Harris during the proceedings, the trial court ultimately granted DHR's petition and appointed Frye as Harris's guardian and conservator. In its order, the trial court awarded the guardian ad litem a fee of $793.75 and the court representative a fee of $1,062.50 for the services they had rendered; the trial court also indicated that "the costs of this proceeding shall be taxed against [DHR]" but that, "[a]t such time as [Harris's estate] is able to pay the expenses hereby taxed against [DHR], then said Estate shall reimburse [DHR] for such costs." Letters of guardianship/conservatorship were issued to Frye on April 20, 2010.
On June 10, 2010, the trial court entered another order awarding the guardian ad litem an additional fee of $943.75 and the court representative an additional fee of $1,300. In that order, the trial court stated: "The costs of these continued proceedings shall be taxed against [DHR]. At such time as [Harris's estate] is able to pay the expenses hereby taxed against [DHR], then said Estate shall reimburse [DHR] for such costs." The trial court also reissued letters of guardianship/conservator to Frye on June 18, 2010.
On September 29, 2010, Frye sought to obtain $5,740 as payment for the time and effort he had expended in his role as Harris's guardian and conservator. He submitted itemized billing statements indicating that he was seeking payment for time he had spent addressing, among others, issues regarding Harris's living facility and family visitation, the medical care to be provided to Harris, and Harris's finances. On October 26, 2010, the trial court granted Frye's motion for payment, taxing $5,740 to DHR as costs. DHR timely moved to alter, amend, or vacate that order; that motion was deemed denied by operation of law. DHR timely filed its notice of appeal.[1]

Analysis
DHR asserts that the trial court erred in taxing the fees of the guardian and conservator against DHR. Payment of fees and expenses for conservators and guardians in protective proceedings is governed by Ala.Code 1975, § 26-2A-142, which provides as follows:
"(a) If not otherwise reasonably compensated for services rendered, any court representative, attorney, physician, conservator, or special conservator appointed in a protective proceeding and any attorney whose services resulted in a protective order or in an order that was beneficial to a protected person's estate is entitled to reasonable compensation from the estate. The conservator shall be allowed from the estate of the protective person all reasonable premiums paid on his or her bond and reimbursement of any court costs paid.
"(b) If not otherwise reasonably compensated for services rendered, any court representative, attorney, physician appointed in a guardianship, and any attorney whose services resulted in a guardianship order or in an order that was beneficial to a ward is entitled to reasonable compensation from the estate. *961 The guardian may be reimbursed from the estate of the ward for any court costs paid.
"(c) Except when the petitioner is related by blood or marriage to the individual who is the subject of the proceeding, if the assets of the estate in a protective proceeding or in a guardianship proceeding are not sufficient to provide reasonable compensation and pay court costs as permitted in subsections (a) and (b), the compensation of any guardian ad litem, court representative, or physician appointed by the court and court costs associated with the petition or motion may be taxed by the court with regard to any particular petition or motion presented to the court to the petitioner as additional costs to the petitioner."
In State Department of Human Resources v. Estate of Harris, 857 So.2d 818 (Ala.Civ.App.2002), this court addressed the method by which conservators and guardians in protective proceedings may obtain payment of their fees. In Estate of Harris, the probate court ordered the State Department of Human Resources ("the State DHR") to pay attorney fees and overhead expenses for the conservator and to pay the guardian ad litem's attorney fees. 857 So.2d at 819-20. The State DHR appealed.
On appeal, this court reviewed the mechanisms by which a trial court may award attorney feese.g., by statute, by the terms of a contract, or by "special equity"and concluded that none of those mechanisms applied to a protective proceeding involving an adult incapacitated person. Id. at 820. This court also concluded that none of the conservator's claimed expenses were properly considered "costs" taxable to the State DHR at the conclusion of the case, that the conservator could not be awarded an attorney fee as a "prevailing party," and that the guardian ad litem could not be awarded a fee under Rule 17(d), Ala. R. Civ. P. (addressing an award of fees in cases in which appointment of a guardian ad litem is required). Id. at 820-21.
As a result, this court concluded that it must look to the Uniform Guardianship Act, Ala.Code 1975, § 26-2A-1 et seq., to determine the method by which payment of fees to those persons appointed as conservator and guardian ad litem should be awarded and from what source those fees should be paid. Estate of Harris, 857 So.2d at 821. This court stated:
"Section 26-2A-142(a), Ala.Code 1975,... provides that `any court representative, attorney, physician, conservator, or special conservator appointed in a protective proceeding and any attorney whose services resulted in a protective order ... is entitled to reasonable compensation from the estate.' (Emphasis added.) Section 26-2A-142(a) also provides that the estate of the person to be protected shall reimburse the conservator for bond premiums and court costs. Id.

"We find the facts of this case to be closely analogous to the facts presented in In re C.H., 723 So.2d 1277 (Ala.Civ. App.1998). In that case, the probate court entered a judgment adjudicating a minor to be dependent, transferring custody of the minor to the Department of Mental Health and Mental Retardation and taxing the [guardian ad litem] fee against the Department. On appeal, this court held that the probate court had no legal basis for taxing the [guardian ad litem] fee against the Department, noting that the applicable statute, § 15-12-21(e), Ala.Code 1975, provides a procedure for the [guardian ad litem] to follow to obtain payment and that the statute provides that the state treasurer *962 pay the fee. In re C.H., 723 So.2d at 1279.
"We conclude that the probate court erred in directing DHR to pay the fees for the [guardian ad litem] and the conservator because § 26-2A-142(a) governs the payment of fees for a [guardian ad litem] and a conservator and also governs the reimbursement of court costs and bond premiums. As we have noted, that statute provides that those fees are properly paid from the estate of the person to be protected."
Estate of Harris, 857 So.2d at 821-22.[2]
Although § 26-2A-142 was amended in 2006 after the opinion in Estate of Harris was issued, we conclude that that amendment did not materially alter the reasoning of Estate of Harris as it applies to DHR's obligation to pay Frye's conservator's or guardian's fees in either case no. 2100403 or case no. 2100404. Subsection (c) provides only that, when the estate of the protected person is insufficient to provide reasonable compensation or to pay court costs as permitted in subsections (a) and (b), "the compensation of any guardian ad litem, court representative, or physician appointed by the court" may be taxed to the petitioner as additional costs. Frye did not serve as a guardian ad litem, a court representative, or a physician in either of the cases now before this court. Thus, the 2006 amendment has no bearing on the payment of Frye's requested fees.
The 2006 amendment to § 26-2A-142, however, did authorize the trial court to tax the payment of a guardian ad litem's fee to a petitioner when the assets of the estate are insufficient to pay those fees. Because the record in case no. 2100403 contains some indication that the assets of Wilkinson's estate were insufficient to pay the guardian ad litem's fee, the trial court was within its discretion in taxing $202.50 in fees to DHR, the petitioner. Thus, that aspect of the trial court's judgment in case no. 2100403 must be affirmed.
The 2006 amendment to § 26-2A-142 also allows a trial court to tax "court costs" to the petitioner in the event the assets of the estate in a protective proceeding or in a guardianship proceeding are insufficient to pay them. The fees awarded to Frye, however, in case numbers 2100403 and 2100404 represented compensation for the time Frye had spent working on the matters to which he had been appointed. Compensation for an attorney's time is not equivalent to costs. Cf., e.g., Ala.Code 1975, §§ 12-19-131 and 12-19-134 (allowing taxation of witness fees as costs); Ala.Code 1975, § 12-21-144 (allowing taxation of costs of depositions introduced into evidence at trial); Ex parte Strickland, 401 So.2d 33, 34-35 (Ala. 1981) (allowing taxation of costs of depositions not used at trial); Lewis, Wilson, Lewis & Jones, Ltd. v. First Nat'l Bank, 435 So.2d 20, 23 (Ala.1983) (travel expenses, copying costs, and filing expenses may be taxed as costs); and Smith v. Smith, 482 So.2d 1172, 1175 (Ala.1985) (survey expenses may be taxed as costs).
We, therefore, conclude that the trial court exceeded its discretion in taxing Frye's fees to DHR as "costs" in both case no. 2100403 and case no. 2100404. As conservator and guardian, Frye must seek payment of his fees from the estate of the protected person, i.e., the estates of Wilkinson and Harris. See Ala.Code 1975, § 26-2A-142(a) and § 26-2A-142(b).
*963 We affirm that portion of the trial court's judgment in case no. 2100403 ordering DHR to pay the guardian ad litem's fee of $202.50; we, however, reverse that portion of the judgment in case no. 2100403 ordering DHR to pay Frye $6,706 as costs. We also reverse the trial court's judgment in case no. 2100404, in which the trial court ordered DHR to pay Frye $5,740 as costs. The causes are remanded for further proceedings consistent with this opinion.
2100403AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
2100404REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and BRYAN, JJ., concur.
THOMAS, J., concurs specially.
THOMAS, Judge, concurring specially.
I concur fully in the main opinion. I write specially to point out the inequitable result created by the current state of the law regarding the compensation of conservators and guardians of incapacitated persons.
Section 26-2A-142(c), Ala.Code 1975, provides that
"if the assets of the estate in a protective proceeding or in a guardianship proceeding are not sufficient to provide reasonable compensation and pay court costs as permitted in subsections (a) and (b), the compensation of any guardian ad litem, court representative, or physician appointed by the court and court costs associated with the petition or motion may be taxed by the court with regard to any particular petition or motion presented to the court to the petitioner as additional costs to the petitioner."
Conservators and guardians are notably absent from the list of persons in § 26-2A-142(c) whose compensation can be taxed to the petitioner when the assets of the estate of the protected person are insufficient to provide reasonable compensation. Thus, in a case such as this one, where the estate of the protected person is insufficient to compensate the guardian or conservator, the persons acting in those roles are left without any means of being compensated for their representation of the protected person. Such a result could act to discourage individuals from seeking or accepting the role of conservator or guardian, potentially leaving persons in need of protection without proper representation.
Accordingly, I urge the legislature to amend § 26-2A-142(c) to provide for the reasonable compensation of conservators and guardians to be taxed to the petitioner in cases where the estate of the protected person is insufficient, providing for their compensation in the same manner as the current statute provides for the compensation of guardians ad litem, court representatives, and physicians.
NOTES
[1] Upon motion of DHR, this court consolidated the two cases for purposes of appellate review. Frye has not favored this court with a brief in either appeal.
[2] Although § 26-2A-142 was amended in 2006 after the opinion in Estate of Harris was issued, that amendment did not alter the substance of subsections (a) and (b) therein. The 2006 amendment, however, added subsection (c) to § 26-2A-142.